UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION AT SPRINGFIELD

FILED
CLERK'S OFFICE

DAVID FRENCH,
TAMMY FRENCH,

04 - 30094 - MAP

U.S. DISTRICT COURT
DISTRICT OF MASS

Plaintiffs           :   Complaint
                     :   FILING FEE PAID:
        v.           :   RECEIPT # 305616
                     :   AMOUNT $ 150.00
                     :   BY DPTY CLK MGL
CORPORATE RECEIVABLES, INC., :   DATE 5/13/04
ERIC TURNER,         :   Demand For Jury Trial
        Defendants   :   Endorsed Hereon

## Jurisdiction

1. Jurisdiction of this Court attains pursuant to the Fair Debt Collection Practices Act ("FDCPA"), section 1692k(d), and the law of supplemental jurisdiction.

## Parties

2. David and Tammy French reside in Montague in Franklin County, Massachusetts

3. The Frenches are "consumers" as defined by FDCPA section 1692a(3).

4. Defendant Corporate Receivables, Inc. ("CRI"), is an Arizona corporation with its principal place of business located in Phoenix, Arizona.

5. Defendant CRI is in the business of debt collection.

6. Defendant CRI regularly collects or attempts to collect, directly or indirectly, consumer debts due and owing or

allegedly due and owing to others.

7. Defendant CRI is a "debt collector" as defined by FDCPA section 1692a(6).

8. Defendant CRI is engaged in "trade" and "commerce" as defined by Massachusetts Consumer Protection Act, M.G.L. s. 93A:1(b) ("Chapter 93A").

9. At all times during their collection activities concerning the Frenches' alleged debts, Defendant CRI's employees were acting under the supervision and direction of Defendant CRI.

10. Defendant CRI is liable under the doctrine of *respondeat superior* for the collection activities of its employees.

11. Defendant Eric Turner is an employee of Defendant CRI.

12. Defendant Turner is not an attorney licensed to practice in any state.

13. Defendant Turner is in the business of debt collection.

14. Defendant Turner regularly collects or attempts to collect, directly or indirectly, consumer debts due and owing or allegedly due and owing to others.

15. Defendant Turner is a "debt collector" as defined by FDCPA section 1692a(6).

16. Defendant Turner is engaged in "trade" and "commerce" as defined by MCPA section 93A:1(b).

Facts and Allegations

17. David French owes a debt to Household Bank via a purchase from Kawasaki.

18. The debt is for personal, household, and family uses.

19. The Frenches fell two or three months behind in their payments.

20. Household Bank hired Defendants to collect the debt.

21. Defendants communicated with the Frenches via a currently unknown number of letters and telephone calls.

22. These calls and letters constitute "communications" as defined by FDCPA section 1692a(2).

23. These calls and letters constitute conduct of trade and commerce as defined by MCPA section 93A:1(b).

24. The debt owed by Mr. French is a "debt" as defined by FDCPA section 1692a(5).

25. Portions of Defendants' collection activities and communications concerning Mr. Frenches' debts, including but not limited to those specified above, are false, misleading, deceptive or unconscionable, constituting violations of the FDCPA and Chapter 93A, including but not limited to the following.

26. On or about February 18, 2004, Defendants left a message for Mr. French at work stating "Employment verification is done".

27. Attached is a true and accurate copy of the message taken by Mr. French's coworker.

28. In fact, Defendants made no contact with Mr. French's employer.

29. Defendants' message misrepresents that Defendants could contact and had contacted Mr. French's employer, violating FDCPA sections 1692e, 1692e(5) & 1692e(10) and Chapter 93A:2.

30. On or about February 21, 2004, Defendants called Mr. French at home.

31. Defendant Turner misrepresented that he is an attorney, violating FDCPA sections 1692e, 1692e(3) & 1692e(10), 940 C.M.R. s. 7.07(4), and Chapter 93A:2.

32. Defendants also represented that, if Mr. French continued to make payments to Household Bank, then Defendants would notate the account as a "refusal to pay".

33. Defendants' threat to miss-label the account violates FDCPA sections 1692d, 1692e & 1692e(10) and Chapter 93A:2.

34. On or about February 22, 2004, Mr. French called Defendants seeking to speak to a supervisor concerning Defendant Turner's actions.

35. When Mr. French was connected to Defendant Turner, Mr. French hung up.

36. Defendants immediately called the Frenches multiple times, even though Mr. French would hang up when he identified the caller as Defendants.

37. On the last call, Defendant Turner screamed, "Are we done yet!?" and hung up.

38. Defendants' abusive tactics violate 1692d & 1692d(5), 940 C.M.R. s. 7.04(1)(f), and Chapter 93A:2.

39. On or about February 23, 2004, Defendants sent the attached letter, which states, "YOUR SILENCE IS INTERPRETED AS A REFUSAL TO PAY."

40. Defendants' statement misrepresents that the Frenches were "silent" in regard to the debt and that Defendants were noting the account as "refusal to pay".

41. In fact, the Frenches continued to make payments directly to the creditor, Household Bank, and were able to catch up the account in March 2004.

42. A true and accurate copy of Household Bank's March 13, 2004, statement is attached.

43. The statement shows zero past due.

44. Defendants' misrepresentation about the Frenches' intentions to pay violates FDCPA sections 1692e, 1692e(10) & 1692f and Chapter 93A:2.

45. On or about March 4, 2004, Defendants called Mr. French and told him that, if he continued to mail payments to Household Bank, then Mr. French would pay 27% interest and about $700 more than if payments were sent to Defendants.

46. Defendants stated that, if Mr. French made payments to

Defendants, then interest would stop.

47. Defendants' absurd representations violate FDCPA sections 1692e, 1692e(2) & 1692e(10) and Chapter 93A:2.

48. Defendants also stated that Household Bank was forwarding the payments made by the Frenches to Defendants, an assertion that Household Bank refuted in a telephone conversation with Mr. French on March 8.

49. Defendants' misrepresentation of their relationship with Household Bank violates FDCPA sections 1692e & 1692e(10) and Chapter 93A:2.

50. Defendants also attempted to solicit post-dated checks from the Frenches, violating 940 C.M.R. s. 7.09 and Chapter 93A:2.

51. Defendants also stated that the alleged February 18 "employment verification" was in preparation for garnishing Mr. French's wages, which was a misrepresentation, violating FDCPA sections 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692f & 1692f(6), 940 C.M.R. s. 7.04(1)(b), and Chapter 93A:2.

52. As a consequence of Defendants' illegal collection activities and communications, the Frenches have suffered economic loss, loss of self esteem and peace of mind, and have suffered emotional distress, humiliation and embarrassment.

Count I

53. The previous paragraphs are incorporated into this Count as if set forth in full.

54. The acts and omissions of Defendants constitute violations

of the FDCPA.

55. Defendants' violations are frequent, persistent, and intentional.

56. Pursuant to the federal Declaratory Relief Act and FDCPA section 1692k, Plaintiffs are entitled to actual damages, to declaratory relief, and to a maximum of $1000 statutory damages, as well as reasonable attorney's fees and costs.

## Count II

57. The previous paragraphs are incorporated into this Count as if set forth in full.

58. The acts and omissions of Defendants constitute violations of the MCPA.

59. On April 4, 2004, Defendants were sent a demand letter pursuant to the requirements of Section 93A:9.

60. A true and accurate copy of the demand letter is attached.

61. Defendants responded after the thirty day period in Chapter 93A:9 and made no offer to settle.

62. A true and accurate copy of Defendants' letter is attached.

63. Pursuant to Section 93A:9, Plaintiffs are entitled to actual damages, to declaratory relief, to an injunction prohibiting Defendants from the acts and practices that violate state and federal law, and treble damages, as well as reasonable attorney's fees and costs.

## Count III

64. The previous paragraphs are incorporated into this Count as if set forth in full.

65. The acts and omissions of Defendants constitute infliction of severe emotional distress.

66. Plaintiffs are entitled to actual damages to be awarded in an amount to be determined by a reasonable trier of fact

## Prayer

**WHEREFORE**, Plaintiffs pray that the Court grants the following:
1. Actual damages.
2. Treble actual damages.
3. Statutory damages under state and federal law.
4. A declaration under state and federal law concerning the illegality of Defendants' acts and practices.
5. An injunction prohibiting Defendants from violating state and federal law.
6. Reasonable attorney's fees and costs.
7. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiffs

**Jason David Fregeau**
**Attorney at Law**
47 Lincoln Road
Longmeadow, MA 01106
Tel. 413-567-2461
Fax 413-567-2932
*Also admitted in Ohio*

April 4, 2004

By Certified U.S. Mail

Bruce Davis,
President/CEO
Corporate Receivables, Inc.
7600 N 16th St., Ste 100
Phoenix, AZ 85020

Eric Turner
c/o Corporate Receivables, Inc.
7600 N 16th St., Ste 100
Phoenix, AZ 85020

Re: French v. Corporate Receivables, Inc., et al.

Dear Mr. Davis and Mr. Turner:

I represent David and Tammy French for all their alleged debts. All communications in regard to the Frenches' debts -- current or future -- are to come only to me. Defendants' communications with the Frenches contain violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. ss. 1692a-1692o, the Massachusetts Consumer Protection Act, M.G.L. ch. 93A ("Chapter 93A"), and various Massachusetts Regulations promulgated by the Attorney General, 940 C.M.R. s. 7.00.

On or about February 18, 2004, Defendants left a message for Mr. French at work stating "Employment verification is done". Attached is a copy of the message taken by Mr. French's coworker. In fact, Defendants made no contact with Mr. French's employer. Defendants' message misrepresents that Defendants could contact and had contacted Mr. French's employer, violating FDCPA sections 1692e, 1692e(5) & 1692e(10) and Chapter 93A:2. In addition, on or about

On or about February 21 Defendants called Mr. French at home. Defendant Turner represented that he is an attorney, which he is

Bruce Davis,
President/CEO
Eric Turner
April 4, 2004
page 2

not, violating FDCPA sections 1692e, 1692e(3) & 1692e(10), 940 C.M.R. s. 7.07(4), and Chapter 93A:2. Defendants also represented that, if Mr. French continued to make payments to Household Bank, then Defendants would notate the account as a "refusal to pay". Defendants' threat violates FDCPA sections 1692d, 1692e & 1692e(10) and Chapter 93A:2.

On or about February 22, Mr. French called Defendants seeking to speak to a supervisor concerning Defendant Turner's actions. When Mr. French was connected to Defendant Turner, Mr. French hung up. Defendants immediately called the Frenches multiple times, even though Mr. French would hang up when he identified the caller as Defendants. On the last call, Defendant Turner screamed, "Are we done yet!?" and hung up. Defendants' abusive tactics violate 1692d & 1692d(5), 940 C.M.R. s. 7.04(1)(f), and Chapter 93A:2.

On or about February 23, Defendants sent the attached letter, which states, "YOUR SILENCE IS INTERPRETED AS A REFUSAL TO PAY." Defendants' statement misrepresents that the Frenches were "silent" in regard to the debt and that Defendants were noting the account as "refusal to pay". In fact, the Frenches continued to make payments to the creditor, Household Bank, and were able to "catch up" the account in March 2004. Defendants' statement violates FDCPA sections 1692e, 1692e(10) & 1692f and Chapter 93A:2.

On or about March 4, Defendants called Mr. French and told him that, if he continued to mail payments to Household Bank, then Mr. French would pay 27% interest and about $700 more than if payments were sent to Defendants. Defendants stated that, if Mr. French made payments to Defendants, then interest would stop.

Bruce Davis,
President/CEO
Eric Turner
April 4, 2004
page 3


Defendants' absurd representations violate FDCPA sections 1692e, 1692e(2) & 1692e(10) and Chapter 93A:2.

Defendants also stated that Household Bank was forwarding the payments made by the Frenches to Defendants, an assertion that Household Bank refuted in a telephone conversation with Mr. French on March 8. Defendants' misrepresentation of their relationship with Household Bank violates FDCPA sections 1692e & 1692e(10) and Chapter 93A:2.

Defendants also attempted to solicit post-dated checks from the Frenches, violating 940 C.M.R. s. 7.09 and Chapter 93A:2.

Defendants also stated that the alleged February 18 "employment verification" was in preparation for garnishing Mr. French's wages, which was a misrepresentation, violating FDCPA sections 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692f & 1692f(6), 940 C.M.R. s. 7.04(1)(b), and Chapter 93A:2.

Defendants' acts and practices caused severe distress to the Frenches, including to Mrs. French. In addition, Chapter 93A:9 explicitly provides for equitable relief. This letter is meant to give Defendants the opportunity to resolve this matter prior to litigation. Should Defendants desire a settlement, please have them remit to me as trustee $10,000, plus $500 for a confidentiality clause in the release (if desired), <u>before</u> May 3, 2004. Otherwise, I have been instructed to file suit against Defendants in federal district court in Springfield, Massachusetts, on that date.

Bruce Davis,
President/CEO
Eric Turner
April 4, 2004
page 4

                                                    Sincerely,

                                                    Jason David Fregeau, Esq.

cc: Tammy & David French

THE LAW OFFICE OF
# LYNDON B. STEIMEL
14614 N. Kierland Boulevard
Suite N-135
Scottsdale, AZ 85254

Lyndon B. Steimel
Admitted in Arizona

(480) 367-1188
FAX (480) 367-1174
e-mail: lyndon@steimellaw.com

D. Michelle Delpier
Paralegal

May 4, 2004

VIA TELEFAX 413-567-2932 AND US MAIL

Jason David Fregeau
Attorney at Law
47 Lincoln Road
Longmeadow, MA 01106

Re: David and Tammy French vs.
Corporate Receivables, Inc., et al.
Our File No. 102-00

Dear Mr. Fregeau:

This firm represents Corporate Receivables, Inc. ("CRI") and has reviewed your April 4, 2004 demand letter sent to Mr. Davis and Mr. Turner on behalf of David and Tammy French. You initially indicate that all communications regarding the Frenches is to go through your office, and my client will gladly comply.

Regarding the issues about employment verification, the collector was simply stating, according to CRI's information, that it had verified Mr. French's employment for location information as allowed under the Code. There was no misrepresentation nor violation of the Fair Debt Collection Practices Act ("FDCPA").

Regarding the February 21, 2004 contact, CRI's records show that there was a phone call made to the French residence but there was never any representation that a collector was an attorney nor that a payment to Household Bank would be noted as a refusal to pay. Therefore, there was no violation or misrepresentation.

Regarding the exchange of phone calls on February 22, 2004, your letter indicates that Mr. French called CRI asking to speak to Mr. Turner's supervisor and that Mr. French repeatedly hung up on Mr. Turner. I am not sure how you glean an allegation of a violation of the FDCPA or state law from that set of facts.

Regarding the February 23, 2004 letter, it was a letter sent by CRI, which is obviously a form letter. The indication that your silence is interpreted as a refusal a pay is simply a statement of fact. The Frenches would not make payments to CRI. Therefore, there is no violation of the FDCPA or other law in relation to this allegation.

Regarding the March 4, 2004 conversation, the CRI collector was probably making a true statement that Mr. French had an opportunity to resolve the balance with CRI rather than continue to pay Household Bank, which would continue to charge interest on the outstanding balance. This is not a violation of the FDCPA or other law.

Regarding the payments and the forwarding of payments, my client has no idea of what took place. If a conversation took place between Mr. French and Household Bank, CRI was not aware of the same.

As to the other allegations, post-dated checks are not in violation of the FDCPA and my client denies ever making the statement that the employment verification was in preparation of garnishing Mr. French's wages.

Your letter concludes with an outrageous demand for $10,000.00 for the Frenches "severe distress" caused by my client's actions together with a $500.00 extortion fee for a confidentiality clause payable before May 3, 2004.

Please notify your clients that CRI has no intention of making any such payment to them. However, the account has been noted as disputed and closed. It can be returned back to Household Bank in exchange for your clients' release and confidentiality agreement. Please get back to me before May 7, 2004 on this proposal.

Sincerely yours,

Lyndon B. Steimel

LBS:md
Cc:   Bruce Davis
10200.FRENCH.L01

David French
Emp - Verification is Done
800-643-2376

P.O. Box 32995  
Phoenix, AZ 85064-2995

**CORPORATE RECEIVABLES, INC.**

RETURN SERVICE REQUESTED

Reference Client: HOUSEHOLD BANK (SB) N.A.  
Client Acct#: 0800601100570685  
Reference #: 2304418  
You Owe: $3519.44

February 23, 2004

2304418 - 2  
DAVID E FRENCH  
6 KETTLE HOLE LN  
MONTAGUE MA 01351-5100

Corporate Receivables, Inc.  
P.O. Box 32995  
Phoenix, AZ 85064-2995

............................................ ✂ Return top portion with your payment. ✂ ............................................

February 23, 2004

YOU OWE: $3519.44  
ACCOUNT #: 2304418

******* COMPLIANCE NOTICE *******

YOUR SILENCE IS INTERPRETED AS A REFUSAL TO PAY, PLEASE CONTACT OUR OFFICE AND ASK FOR THE REPRESENTATIVE ASSIGNED TO YOUR ACCOUNT.

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

CORPORATE RECEIVABLES, INC.

**SEE IMPORTANT INFORMATION ON BACK**

CORPORATE RECEIVABLES, INC. • P.O. BOX 32995 • PHOENIX, AZ 85064-2995  
(800) 643-2376 • (602) 749-1200 • MON-FRI 7AM-5PM MST

COR2-23A00247-JR R-3 247

# Kawasaki
### Let the good times roll.

| | |
|---|---|
| Customer Service (Servicio al Cliente): | 1-800-365-0492 |
| Payment Address: | Retail Services PO Box 17602 Baltimore MD 21297-1602 |
| Mail Billing Inquiries to: | Retail Services PO Box 703 Wood Dale IL 60191-0703 |
| Days in Billing Cycle: | 29 |
| Statement Date: | 03/13/2004 |

Account Number: -0685

## Account Summary

| PAYMENT DUE DATE | TOTAL MINIMUM PAYMENT DUE | NEW BALANCE | PAST DUE AMOUNT | AVAILABLE CREDIT |
|---|---|---|---|---|
| 04/07/2004 | $89.00 | $3,565.80 | $0.00 | $0.00 |

Please see reverse for important disclosures, including grace period information.

## Transactions

| Transaction Date | Transaction Detail | Promo. Type/Credit Plan | Amount |
|---|---|---|---|
| 02/14/2004 | Previous Balance | | $4,081.38 |
| 03/09/2004 | Late Charge Assessment | | $35.00 |
| 03/13/2004 | Billed Finance Charges | | $60.42 |
| 02/16/2004 | Payment Received - Thank You | | $456.00 |
| 03/07/2004 | Payment Received - Thank You | | $120.00 |
| 03/09/2004 | Automatic Late Fee Reversal | | $35.00 |
| 03/13/2004 | New Balance | | $3,565.80 |

## Finance Charge Summary

| Promotion Type/ Credit Plan | Purchase Date | Promotion Expiration Date | Previous Balance | Average Daily Balance | Daily Periodic Rate | Corresponding APR | ANNUAL PERCENTAGE RATE (APR) | FINANCE CHARGES at Periodic Rate | Deferred FINANCE CHARGES | New Balance | Minimum Payment Due |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Regular Purchase 00007-01 | N/A | N/A | $4,081.38 | $3,657.37 | 0.05698% | 20.80% | 20.80% | $60.42 | N/A | $3,565.80 | $89.00 |

Please return coupon below with your payment.

Page 1 of 1   03130000522

STMT219D (1003)