**Jason David Fregeau**
Attorney at Law
47 Lincoln Road
Longmeadow, MA 01106
Tel 413/567-2461
Fax 413/567-2932
*Also admitted in Ohio*

February 7, 2005

<u>By Facsimile</u>

Adam J. Basch, Esq.
Bacon & Wilson PC
33 State Street
Springfield, MA 01103

Re: <u>French v. Corporate Receivables, Inc., et al.</u>

Dear Mr. Basch:

I have received Defendants' responses to the Frenches' discovery requests in the above matter. Defendants provided:

- Unsigned state law acknowledgment;
- Portions of the ACA FDCPA school textbook (6 pages);
- FDCPA, apparently printed from the FTC.gov website;
- FDCPA, apparently printed from ishipress.com website;
- Texas debt collection act (4 pages);
- Undated and unsigned "Code of Conduct" (6 pages);
- Corporate Receivables Employee Handbook (dated 06/02);
- Collection Services Agreement (12 pages);
- Unsigned law and regulations packet, including FDCPA;
- Signed but undated state law acknowledgment faxed 1/31/05;

Defendants also provided with their Rule 26 disclosure two copies of their account notes, each formatted differently, but apparently containing the same content. This list is meant as an inventory only and should not be construed as a waiver of any rights or objections. If this list differs from your understanding, then please contact me immediately.

Adam J. Basch, Esq.
February 7, 2005
page 2


In regard to Defendants' responses to the document requests:

1) Requests 8, 11, 12, 16 & 17 ask for documents regarding Defendants' training, policies, and procedures. The Frenches will accept the documents provided by Defendants as the <u>complete</u> production of <u>all</u> related documents or information. The Frenches will move to strike or exclude any document or information not provided during discovery.

2) Request 7 and Question 10 ask about insurance. Defendants state "none" and "See Insurance Declaration Sheet". There is no Insurance Declaration Sheet in any of the materials. Moreover, the contract between Defendant CRI and Household <u>requires</u> insurance that covers allegations like those in the complaint. Even if Defendant CRI does not intend to file a claim, it <u>must</u> provide to us any insurance that might cover the litigation.

3) Request 9 asks for all complaints. Defendants object as to scope and burden. Regarding scope, previous complaints can be used, for example, to motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. <u>See</u> Fed. R. Evid. 404(b). In regard to burden, Defendants have the burden of proof regarding burden, which they have not met. Defendants should provide a complete list of complaints for the time period specified.

4) Request 10 asks for all form letters. Defendants provided no form letters either in their discovery responses or in their Rule 26 disclosures. Please have Defendants provide copies of all form letters (including old and new versions) sent to the Frenches as referenced in Defendants' account notes.

5) Request 13 asks for Defendants' telephone bills. Defendants

Adam J. Basch, Esq.
February 7, 2005
page 3

object as to scope and burden. Regarding scope, the Frenches allege that Defendants called repeatedly on or about February 22. From experience, I know that collector's notes are often incomplete -- the telephone bills will show exactly when and how many calls were made to the Frenches. In regard to burden, Defendants have the burden of proof regarding burden, which they have not met. Defendants should provide their telephone bills for the time period specified.

6) Request 14 asks for any existing list of all employees engaged in collection during the specified period. Defendants object as to scope and burden. Regarding scope, the Frenches are entitled to know what individuals are potential witnesses, especially since the collection notes reference individuals other than Defendant Turner. In regard to burden, Defendants have the burden of proof regarding burden, which they have not met. Defendants should provide a list of collectors for the time period specified.

7) Request 18 and Question 22 ask for the employee files of all employees who had contact with the Frenches. Defendants object as to scope and burden. Regarding scope, the information could be used to show, for example, reprimands or commendations given to Defendant Turner, underscoring Defendant CRI's knowledge of his actions. Also, the file might contain copies -- especially dated copies -- of the acknowledgments signed by Defendant Turner. In regard to burden, Defendants have the burden of proof regarding burden, which they have not met. Defendants should provide the applicable employee files.

In regard to Defendants' responses to interrogatories:

8) Question 5 asks about third party contacts. Defendants

Adam J. Basch, Esq.
February 7, 2005
page 4

state that a credit bureau was contacted, but does not identify which one. Also, the contract between Defendant CRI and Household requires Defendant CRI to report the status of accounts. Please provide <u>all</u> reports to Household for the Frenches' account.

9) Question 8 asks for the identities of other persons sent form collection letters like those sent to the Frenches. Defendants object as to scope and burden. Regarding scope, the information from these persons could be used to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. <u>See</u> Fed. R. Evid. 404(b). In regard to burden, Defendants have the burden of proof regarding burden, which they have not met. Defendants should provide a list of consumers for the time period specified.

10) Question 11 asks for the factual bases for Defendants' failure to admit in the complaint. Defendants state that such information is "beyond the scope". Huh? Since when are the facts in the complaint -- especially those in controversy -- beyond the scope? Defendants' objection is nonsense; please have Defendants provide the facts upon which they base their denials.

11) Question 12 asks for the factual bases for Defendants' affirmative defenses. Defendants point generally to the answer, the interrogatory responses, and the document responses. Defendants' response is unresponsive in that (1) it does not address each affirmative defense and its underlying facts, and (2) does not identify what facts Defendants believe support their position. Specifically:
  - The 2d Defense states that the claims are barred by the statute of limitations, but Defendants nowhere provide either the dates of the allegedly barred actions or the

Adam J. Basch, Esq.
February 7, 2005
page 5

> applicable statute.
> - The 3d defense states that Defendants have acted in good faith, reasonably, and justifiably, but Defendants do not state how their acts were taken in good faith, reasonably, or justifiably.
> - The 4th defense states that the Frenches are estopped from asserting breach of contract. What actions by the Frenches constitute "estoppel"?
> - The 5th defense states that the Frenches' action violates the statute of frauds. How does the Frenches' action "violate" the statute of frauds?
> - The 6th defense states that the action is subject to offset, but do not identify the offset or any amount.
> - The 7th defense states that the Frenches failed to perform an obligation. What obligation(s) did the Frenches fail to perform?
> - The 8th defense states that the Frenches' claims are waived and estopped. What actions by the Frenches constitute "waiver" and "estoppel"?
> - The 9th defense states that the Frenches or their agents caused the Frenches' damages. What actions by the Frenches (or their agents) caused the Frenches' damages?
> - The 10th defense states that the Frenches' claims are barred by "unclean hands". What actions by the Frenches constitute "unclean hands"?
> - The 11th defense states that the Frenches failed to mitigate damages. What damages and what did the Frenches do that constitutes failure to mitigate?

Obviously, Defendants need to think very carefully, pursuant to Rule 11, exactly which affirmative defenses are truly viable.

12) Question 14 asks for all civil and criminal suits.

Adam J. Basch, Esq.
February 7, 2005
page 6

Defendants object that the request exceeds the scope, then respond that Defendant CRI has not been named in any criminal action. What about Defendant Turner? As for civil actions, they could be used to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See Fed. R. Evid. 404(b).

13) Question 17 asks for all procedures reasonably adapted to avoid FDCPA violations. The Frenches will accept Defendants' response as the complete response. The Frenches will move to strike or exclude any document or information not provided in discovery.

14) Question 18 asks for the history of each form letter. Defendants state, "Not applicable", which is unresponsive. For each letter sent to the Frenches, please provide a history for that letter pursuant to the interrogatory.

15) Question 21 asks for an explanation of all abbreviations, ostensibly those used in Defendants' account notes. Defendants say that they will "supplement", but do not say when. Please provide a supplement by the deadline below.

This letter is an attempt to informally settle the above discovery issues. Please have Defendants respond to these issues by February 21, 2005.

Thank you for your attention. Should you have any questions, please feel free to contact me.

Adam J. Basch, Esq.
February 7, 2005
page 7

                              Sincerely,

                              /s/

                              Jason David Fregeau, Esq.