UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30094-MAP

DAVID FRENCH,
TAMMY FRENCH,

    Plaintiffs

vs.

CORPORATE RECEIVABLES, INC.,
ERIC TURNER,

    Defendants

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

## STATEMENT OF FACTS

On or about March 18, 2005, counsel to the Plaintiffs served the undersigned with the Plaintiffs' Motion to Compel. For clarity and ease of the Court, I shall address each discovery issue as it has been presented by the Plaintiff.

## ARGUMENT

Rule 26(b)(1) of the <u>Federal Rules of Civil Procedure</u> defines the scope of discovery in pertinent part as follows:

> A party may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense or party seeking discovery or to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not grounds for the objection that the information sought will be inadmissible at trial if the information appears reasonably calculated to lead to the discovery of admissible evidence.

BACON & WILSON, P.C.
ATTORNEYS AT LAW
33 STATE STREET
SPRINGFIELD, MA 01103
TELEPHONE (413) 781-0560
FAX (413) 739-7740

9 CHAPEL STREET
WESTFIELD, MA 01085
TELEPHONE (413) 562-9607
FAX (413) 562-7589

351 PLEASANT STREET
NORTHAMPTON, MA 01060
TELEPHONE (413) 584-3250
FAX (413) 586-0548

334 ELLA GRASSO TURNPIKE
WINDSOR LOCKS, CT 06096
TELEPHONE (860) 623-6482
FAX (860) 654-1948

# REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 7.**

All documents relating to any liability insurance covering the incidents described in the Complaint.

**RESPONSE NO. 7.**

None.

**ARGUMENT**

Attached as Exhibit "A" is the applicable policy's coverage selection page.

**REQUEST NO. 9.**

All documents concerning Defendants issued by the Federal Trade Commission, private persons, or public agencies (including but not limited to all civil complaints, judgments, court opinions, or consent orders), since January 1, 1987, alleging violation of the Fair Debt Collection Practices Act.

**RESPONSE NO. 9.**

The Defendants object to Request No. 9 on the grounds that the information sought exceeds the scope of Rule 26. In addition, to comply would be over burdensome and not likely to lead to the discovery of relevant evidence.

**ARGUMENT**

The Defendants reiterate their objection contained in response number 9. In addition, the Defendants state that any previous Complaint/Violation concerning the Fair Debt Collection Practices Act is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 10.**

All form letters used by Defendants to collect on any debts allegedly owed by Plaintiffs, including all current and superseded or former versions of those letters.

**RESPONSE NO. 10.**

See documents produced by the Defendants in their Rule 26 Disclosure.

## ARGUMENT

The Defendants have already produced all correspondence already sent to the Plaintiffs. Letters, including form letters, which were never sent to the Plaintiffs, have no bearing on this case and are not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 13.

Any telephone bills showing telephone calls made between Defendants and the Plaintiffs.

## RESPONSE NO. 13.

The Defendants object to Request No. 13 on the grounds that the information sought exceeds the scope of Rule 26. In addition, to comply would be over burdensome and not likely to lead to the discovery of relevant evidence.

## ARGUMENT

The Defendants reiterate their objection contained in Response No. 13. In addition, the Defendants state that the date and time of any and all phone calls made between the Defendants and the Plaintiffs can be ascertained from the collector's notes. Further, Corporate Receivables, Inc. has multiple phone lines and to isolate the bill applicable to the calls made to the Plaintiff would be impossible.

## REQUEST NO. 14.

A list identifying (as defined in Plaintiffs' first set of interrogatories) all employees currently engaged in the collection of debts such as the debts allegedly owed by Plaintiffs and any such employees so engaged since January 1, 2004.

## RESPONSE NO. 14.

The Defendants object to Request No. 14 on the grounds that the information sought exceeds the scope of Rule 26. In addition, to comply would be over burdensome and not likely to lead to the discovery of relevant evidence.

## ARGUMENT

The Defendant reiterates its objection contained in Response No. 14. In addition, the Defendants state that the names and addresses of other employees who are not involved with the collection of the Plaintiffs debt is not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 18.

All documents contained in any file – including but not limited to personnel, award, commendation or reprimand files – regarding any employee of Defendants who had written or verbal contact with Plaintiffs.

## RESPONSE NO. 18.

The Defendants object to Request No. 18 on the grounds that the information sought exceeds the scope of Rule 26. In addition, to comply would be over burdensome and not likely to lead to the discovery of relevant evidence. Without waiving said objection, see Exhibit No. 1.

## ARGUMENT

The Defendants have already produced the personnel file of Eric Turner. He is the only employee who had written or verbal contact with the Plaintiffs.

## INTERROGATORIES

## INTERROGATORY NO. 5.

State the date, time, persons, locations, method, and content of all communications or attempted communications with third parties concerning any debt allegedly owed by Plaintiffs, including but not limited to communications with any credit reporting agency or Plaintiffs' alleged creditor (or its agents or parents or subsidiaries), and Plaintiffs attorneys, employers, friends, neighbors, or relatives.

## ANSWER NO. 5.

See Answer to Interrogatory No. 4. In addition, a credit inquiry was made on January 22, 2004. CRI does not report to any credit bureau, only makes inquiries.

## ARGUMENT

The Defendants will supplement this Interrogatory Answer with the name of the Credit Bureau that was contacted.

## INTERROGATORY NO. 8.

Identify (as defined above) all other persons who were sent letters the same as the letters received by Plaintiffs, including but not limited to dates and addresses of those letters sent.

### ANSWER NO. 8.

The Defendants object to Interrogatory No. 8 on the grounds that to comply would be over-burdensome and that the information sought is not relevant or expected to lead to the discovery of relevant evidence.

### ARGUMENT

The Defendants reiterate their objections contained in Answer No. 8. In addition, the Defendants state that the Defendants' dealings with other parties are not reasonably calculated to lead to the discovery of admissible evidence.

### INTERROGATORY NO. 10.

Identify (as defined above) any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment that may be entered in this action or to indemnify or reimburse payments made to satisfy any judgment that may be entered in this action.

### ANSWER NO. 10.

See Insurance Declaration Sheet.

### ARGUMENT

See response to Request No. 7.

### INTERROGATORY NO. 11.

For each factual allegation contained in the complaint that is not admitted, state with particularity the factual basis for such failure to admit and the efforts undertaken to ascertain the truth of the allegation, including but not limited to identifying all documents and persons consulted or with knowledge of the factual basis for such failure to admit.

### ANSWER NO. 11.

The Defendants object to Interrogatory No. 11 on the grounds that it exceeds the scope of Rule 26.

### ARGUMENT

The Defendants were consulted. Discovery is ongoing and the Defendants have not learned of any facts which would allow them to admit to the applicable factual allegations. The Defendants leave the Plaintiffs to their burden of proof.

**ANSWER NO. 18.**

Not applicable.

**ARGUMENT**

See Argument in response to Request No. 10.

**INTERROGATORY NO. 21.**

List and explain all abbreviations, code words, letters, numerals, or symbols regularly used by Defendants in its records of collection activities.

**ANSWER NO. 21.**

The Defendants will supplement their Answer to Interrogatory No. 21.

**ARGUMENT**

See Exhibit "B".

## CONCLUSION

WHEREFORE, the Defendants respectfully request that the Plaintiffs' Motion to Compel be denied.

Respectfully submitted,
The Plaintiff,
Corporate Receivables, Inc. and Eric Turner,
By their Attorney,

_____
ADAM J. BASCH, ESQ.
BACON & WILSON, P.C.
33 State Street
Springfield, MA 01103
Ph: (413) 781-0560
Fax: (413) 739-7740
BBO# 655482
March 31, 2005

## CERTIFICATE OF SERVICE

I, ADAM J. BASCH, hereby certify that on the 31st day of March, 2005, I caused a copy of the foregoing to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to:

Jason David Fregeau, Esq.
47 Lincoln Road
Longmeadow, MA 01106

_____
ADAM J. BASCH

375960

Exhibit A



**Gulf Insurance Group**

GULF INSURANCE
COMPANY
(Herein the "Company")
A Capital Stock Company

ERRORS & OMISSIONS LIABILITY INSURANCE
offered through
ACA INTERNATIONAL
A Risk Purchasing Group



ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals

---

THIS IS A CLAIMS MADE POLICY. A CLAIMS MADE POLICY, SUBJECT TO ALL OF ITS TERMS, CONDITIONS AND LIMITATIONS, APPLIES ONLY TO ANY "CLAIMS" MADE DURING THE "POLICY PERIOD." "DEFENSE EXPENSES" ARE INCLUDED WITHIN THE POLICY'S LIMIT OF LIABILITY AND ARE SUBJECT TO THE POLICY'S DEDUCTIBLE. PAYMENT OF "DEFENSE EXPENSES" REDUCES THE LIMIT OF LIABILITY. PLEASE READ THE POLICY CAREFULLY.

Policy Number: GA9499296
Previous Policy Number: GA9497833

## DECLARATIONS

Item 1. Insured Organization: CORPORATE RECEIVABLES, INC.
(Name and Address) 7600 N 16TH STREET SUITE 100
PHOENIX, AZ 85020

Item 2. Policy Period: From: 2/1/2004 (Inception Date)
To: 2/1/2005 (Expiration Date)
12:01 AM Standard Time at the address shown in Item 1.

Item 3. Limit of Liability: $ 5,000,000
This shall be the Limit of Liability for each Loss and aggregate Limit of Liability for each Policy Period.

Item 4. Deductible: $ 25,000 per Claim

Item 5a. Coinsurance Percent – Insured: 10 %

Item 5b. Coinsurance Percent – Company: 90 %

Item 6. Retroactive Date: 11/1/1991

Item 7. Endorsements Attached To and Forming Part of this Policy:
S1981-AC (6/03), S1983-AC (6/03), S1991-AC (7/00), S2041-AC (7/00), TRIP 00018 11 02

Item 8. Policy Premium: $ 28,307.00

Item 9. Notice of Claim Required to be Given to the Company shall be Addressed to:
Gulf Insurance Company
Attn: Claims Department
1295 Northland Drive
St. Paul, MN 55120

Countersigned: 3/12/2004   By _James W Snoop_
                Date              Authorized Representative

S1980-AC (6/03)

NATURE SAVER™ FAX MEMO 01616  Date 3/29/05  # of pages 2
To: ADAM B        From: LYNDON S
Co./Dept          Co.
Phone #           Phone #
Fax #             Fax #

ENDORSEMENT NO. _____

The following spaces preceded by an asterisk (*) need not be completed if this endorsement and the Policy have the same inception date.

| Attached to and Forming Part of Policy Number | Date Endorsement Executed | *Effective Date of Endorsement | |
|---|---|---|---|
| GA9499296 | 3/12/2004 | 2/1/2004 | 12:01 A.M. Local Time at the Address of the Insured |

*Issued To

CORPORATE RECEIVABLES, INC.

## EMPLOYERS VICARIOUS LIABILITY COVERAGE

In consideration of payment of an additional premium, it is understood and agreed that **Wrongful Acts** of any **Insured Person** shall not be imputed to the **Insured Organization** for determining the applicability of **SECTION C – EXCLUSIONS, 1.a**. However, such coverage shall not apply if such **Insured Person** is an owner, officer, director of or holds a management or supervisory position for the **Insured Organization**.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions agreements or limitations of the above mentioned Policy, other than as above stated.

_____
Authorized Representative

S1991-AC (7/00)

Exhibit B

## Explanation of Abbreviations

**TE**

ICC = Incoming Call
SW = Spoke with
DTR = Debtor
ADV = Advised
SOA = Status of Account
IMMED = Immediate
RRR = Round and round and round
RFSD = refused
SIF = Settlement in Full
HU = Hung up
NOI = No other information
CI = Called in
HM = Home
TP = Third Party
CB = Called back
PU = Picked up
TCH = Telephone Call Home
AM = Answering Machine
ML = Message Left
SD = Said
WRK = Work
TCJ = Telephone Call Job
TT = Talked to
MP = Make Payments
PMTS = Payments

**JN**

C = Called
D = Debtor
MO = Month