```
            IN THE UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
                    WESTERN DIVISION
```

| | | |
|---|---|---|
| DAVID FRENCH, | : | 04-30094-MAP |
| TAMMY FRENCH, | : | |
|     Plaintiffs | : | |
| | : | |
|     v. | : | |
| | : | |
| CORPORATE RECEIVABLES, INC., | : | |
| ERIC TURNER, | : | |
|     Defendants | : | |

_____

Joint Final Pretrial Memorandum

_____

Pursuant to the Court's order and Local Rule 16.5, the Parties submit the following:

**1. Statement of the Evidence**

<u>Plaintiffs' Statement</u>

The Frenches owe a debt to Household Bank. When the Frenches fell behind in their payments, Household Bank sent the debt to Defendant CRI for collection. Defendant CRI and its employee, Defendant Turner, used abusive collection tactics to try and collect the debt, including leaving a message with Mr. Frenches' coworker stating, "Employment verification is done". In fact, Defendants never contacted Mr. Frenches' employer for employment verification.

On or about January 27, 2004, Defendants called the Frenches at home. Defendant Turner stated that he was an attorney, which he is not. When Defendants were told that the Frenches were making payments directly to Household Bank, Defendants stated that they would notate the account as "refusal to pay".

On or about January 28, Mr. French called Defendants to speak to Defendant Turner's supervisor. Instead of being connected to a supervisor, Mr. French was connected to Defendant Turner. Not wanting to speak to Defendant Turner, Mr. French hung up. On or about January 29, Mr. French tried to contact Defendant Turner's supervisor. When Mr. French was connected to Defendant Turner, Mr. French hung up. Defendants immediately called the Frenches multiple times, even though Mr. French would hang up when he identified the caller as Defendants. On the last call, Defendant Turner screamed, "Are we done yet!?" and hung up.

The Frenches continued to make payments directly to the creditor, Household Bank, and were able to catch up the account in March 2004. Household Bank's March 13, 2004, statement, attached to the complaint, shows zero past due.

On or about March 4, 2004, Defendants called Mr. French and told him that, if he continued to mail payments to Household Bank, then Mr. French would pay 27% interest and about $700 more than if

payments were sent to Defendants. Defendants stated that, if Mr. French made payments to Defendants, then interest would stop. Defendants also stated that Household Bank was forwarding the payments made by the Frenches to Defendants, an assertion that Household Bank refuted in a telephone conversation with Mr. French on March 8.

Defendants' Statement

The Defendants believe the evidence will show that Corporate Receivables, Inc., was hired by Household Bank to collect a debt owed by the Plaintiffs.  The Defendants believed the evidence will show that during the course of the Defendants attempts to collect this debt, neither Defendant violated any state or federal law.

**2. Established Facts**

1. The Frenches are "consumers" as defined by FDCPA section 1692a(3). (Comp/Answer par. 3).

2. Defendant Corporate Receivables, Inc. ("CRI"), is an Arizona corporation with its principal place of business located in Phoenix, Arizona. (Comp/Answer par. 4).

3. Defendant CRI is in the business of debt collection. (Comp/Answer par. 5).

4. Defendant CRI regularly collects or attempts to collect, directly or indirectly, consumer debts due and owing or allegedly due and owing to others. (Comp/Answer par. 6).

5. Defendant CRI is a "debt collector" as defined by FDCPA

section 1692a(6). (Comp/Answer par. 7).

6. Defendant CRI is engaged in "trade" and "commerce" as defined by Massachusetts Consumer Protection Act, M.G.L. s. 93A:1(b) ("Chapter 93A"). (Comp/Answer par. 8).

7. Defendant Eric Turner is an employee of Defendant CRI. (Comp/Answer par. 11).

8. Defendant Turner is not an attorney licensed to practice in any state. (Comp/Answer par. 12).

9. Defendant Turner is in the business of debt collection. (Comp/Answer par. 13).

10. Defendant Turner regularly collects or attempts to collect, directly or indirectly, consumer debts due and owing or allegedly due and owing to others. (Comp/Answer par. 14).

11. Defendant Turner is a "debt collector" as defined by FDCPA section 1692a(6). (Comp/Answer par. 15).

12. Defendant Turner is engaged in "trade" and "commerce" as defined by MCPA section 93A:1(b). (Comp/Answer par. 16).

13. David French owes a debt to Household Bank via a purchase from Kawasaki. (Comp/Answer par. 17).

14. Household Bank hired Defendant CRI to collect the debt. (Comp/Answer par. 20).

15. Defendants communicated with the Frenches via letters and telephone calls. (Comp/Answer par. 21).

16. These calls and letters constitute "communications" as

defined by FDCPA section 1692a(2). (Comp/Answer par. 22).

17. These calls and letters constitute conduct of trade and commerce as defined by MCPA section 93A:1(b). (Comp/Answer par. 23).

18. The debt owed by Mr. French is a "debt" as defined by FDCPA section 1692a(5). (Comp/Answer par. 24).

19. On or about February 23, 2004, Defendants sent the attached letter, which states, "YOUR SILENCE IS INTERPRETED AS A REFUSAL TO PAY." (Comp/Answer par. 39).

20. AT&T is Defendant CRI's long distance carrier, and Defendant CRI's account number is 171-788-1769-070. (Int #7).

21. Defendant CRI's phone numbers are 602/749-1200, 800/643-2376. (Int #6).

22. The Frenches' home number is 413/367-9738.

23. Mr. Frenches' work number is 413/665-7676.

24. Defendants responded to the April 4 demand letter on May 4, 2004. Defendants made no monetary offer to settle.

**3. Contested Issues**

1. At all times during their collection activities concerning the Frenches' alleged debts, Defendant CRI's employees were acting under the supervision and direction of Defendant CRI. (Comp/Answer par. 9).

2. Defendant CRI is liable under the doctrine of *respondeat superior* for the collection activities of its employees. (Comp/Answer par. 10).

3. Defendants' calls to the Frenches, Mr. Frenches' employer, and the substance of those calls.

4. The Frenches' actual damages, including but not limited to severe emotional distress.

5. On April 4, 2004, Defendants were sent a demand letter pursuant to the requirements of Section 93A:9. (Comp/Answer par. 59.

6. Defendants responded after the thirty day period in Chapter 93A:9 and made no offer to settle. (Comp/Answer par. 61).

**4. Jurisdictional Issues**

None.

**5. Pending Motions**

None.

**6. Issues of Law**

None.

**7. Pleading Amendments**

Plaintiffs request that the individual Defendant's name be amended from "Eric Turner" to "Eric Masters a/k/a Eric Turner".

All of Defendants' affirmative defenses are dropped.

**8. Additional Matters**

None

**9. Probable Length of Trial**

Two days, including jury selection.

**10. Witnesses**

<u>Plaintiffs' Witnesses (in no particular order)</u>
David & Tammy French, Plaintiffs
c/o Plaintiffs' counsel
Purpose: To discuss events and documents relating to Defendants' attempts to collect and damages from those events.

Cindy Halsy, Mr. Frenches' Co-Worker
Purpose: To discuss note she took from Defendants' telephone call.

Bob McMann, friend
Bernardston, MA
413/648-0049
Purpose: To discuss observations of the Frenches' severe emotional distress.

Rod Smith, Friend/Co-worker
Purpose: To discuss observations of the Frenches' severe emotional distress.

Marge Donello, Friend/Co-worker
Purpose: To discuss observations of the Frenches' severe emotional distress.

Candace Cannon, Mrs. Frenches' cousin
19 Pray Drive

Greenfield, MA
413/773-9887
Purpose: To discuss observations of the Frenches' severe emotional distress.

Representative of Defendant CRI
c/o Defendants' counsel
Purpose: To discuss events and documents relating to Defendants' attempts to collect.

Defendant Masters a/k/a Turner
c/o Defendants' counsel
Purpose: To discuss events and documents relating to Defendants' attempts to collect.

Keeper of Records for AT&T
Purpose: To authenticate and provide foundation for and admissibility of AT&T records of telephone calls on Defendant CRI's telephone account regarding the Frenches.

Keeper of Records for HSBC Bank Nevada NA
Purpose: To authenticate and provide foundation for and admissibility of Household Bank's records regarding the Frenches' account.

Any witness identified or called by Defendants.

<u>Defendants' Witnesses</u>

Eric Masters a/k/a Eric Turner
c/o Corporate Receivables, Inc.
Purpose:  To discuss events and documents relating to the Defendants attempts to collect a debt from the Frenchs and the policies and procedures of Corporate Receivables, Inc. applicable

to said collection.

Jack Nizynski

c/o Corporate Receivables, Inc.

Purpose:  To discuss events and documents relating to the Defendants attempts to collect a debt from the Frenchs and the policies and procedures of Corporate Receivables, Inc. applicable to said collection.

Bruce Davis

c/o Corporate Receivables, Inc.

Purpose:  To discuss events and documents relating to the Defendants attempts to collect a debt from the Frenchs and the policies and procedures of Corporate Receivables, Inc. applicable to said collection.

**11. Exhibits**

Plaintiffs' (in no particular order)

1. Defendant CRI's account notes (various versions).
2. Chart of telephone calls.
3. Printout of AT&T records of phone calls.
4. April 13, 2005, e-mail from AT&T to M.Ogle at Defendant CRI regarding telephone calls.
5. March 8, 2004, notes of conversation with Household Bank.
6. March 4, 2004, notes of conversations with Defendants.
7. February 24, 2004, notes of conversations with Defendants.

8. February 23, 2004, notes of conversations with Defendants.

9. January 13, 2004, Household Bank statement.

10. February 13, 2004, Household Bank statement.

11. March 13, 2004, Household Bank statement.

12. Note taken by Cindy Halsy.

13. February 23, 2004, collection letter.

14. Defendants' Explanation of Abbreviations used in Account Notes.

15. April 4, 2004, demand letter.

16. May 4, 2004, response to demand letter.

17. Defendant CRI's Employee Handbook.

18. Eric Turner's FDCPA acknowledgment.

19. Defendant CRI's 1st packet of laws and regulations.

20. Defendant CRI's 2d packet of laws and regulations.

21. Defendant CIR's Code of Conduct.

22. Collection Services Agreement between Defendant CRI and Household Bank.

23. April 14, 2005, affidavit of Defendant Masters a/k/a Turner.

24. Defendants' Supplemental Answers to Plaintiff's [sic] First Set of Interrogatories.

25. Any exhibit offered or used by Defendants.

<u>Defendants'</u>

1. Any Exhibit offered or used by the Plaintiffs.

Respectfully submitted,

/s/ Jason David Fregeau
_____
Jason David Fregeau,
Trial Attorney for Plaintiffs (565657)


/s/ Adam J. Basch
_____
Adam J. Basch,
Trial Attorney for Defendants (655482)


## Certificate of Service

   I certify that a copy of the foregoing draft Joint Final Pretrial Memorandum has been served by facsimile upon Defendants' attorney, Adam J. Basch, 33 State Street, Springfield, MA 01103, this 7th day of September, 2005.

                                  _____
                                  Jason David Fregeau, Esq.