IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

DAVID FRENCH,                          :      04-30094-MAP
TAMMY FRENCH,                          :
            Plaintiffs                 :
                                       :
            v.                         :
                                       :
CORPORATE RECEIVABLES, INC.,           :
ERIC TURNER,                           :
            Defendants                 :

_____

Plaintiffs' Requested Jury Instructions

_____


    Plaintiffs David and Tammy French respectfully request that the
following instructions be read to the jury after closing arguments
in addition to those customarily read by the Court in civil
matters. Note that an instruction regarding Chapter 93A is
included. Trial courts can choose to (a) let the jury find the
facts for all claims, (b) reserve all aspects of the Chapter 93A
claim for the court, or (c) ask the jury for non-binding advisory
findings. Chamberlyne School v. Banker, 30 Mass. App. Ct. 346, 354
(1991). Should the Court exercise discretion and involve the jury
in the Chapter 93A claims, the additional Chapter 93A instruction
will facilitate the Court's decision.


page 1

Plaintiffs' Requested Instruction: Introduction

The Plaintiffs bring this action against the Defendants based upon the federal Fair Debt Collection Practices Act ("FDCPA"), the Massachusetts Consumer Protection Act ("Chapter 93A"), intentional infliction of severe emotional distress, and negligent infliction of severe emotional distress. You are to decide whether the Defendants are liable in the following particulars:

1) Whether the Defendants' alleged acts, practices, and statements violated the FDCPA.

2) The amount of statutory damages, if any, to be paid by the Defendants to the Plaintiffs.

3) Whether the Defendants' alleged acts, practices, and statements violated Chapter 93A.

4) Whether the Defendants' violations of Chapter 93A, if any, were willful or knowing.

5) The amount of actual damages, if any, to be paid by the Defendants to the Plaintiffs.

6) Whether the Plaintiffs' actual damages should be doubled or trebled.

A verdict sheet has been prepared to record your decisions. You will take this sheet with you into the jury room. I will now address the law regarding these allegations.

<u>Plaintiffs' Requested Instruction: "person" and employees</u>

In these instructions I will use the word "person". In the law, a "person" is not only an individual like you or me, but also includes business entities like corporations. Defendant Corporate Receivables, Inc., is a "person" under the law, so when these instructions refer to a "person", that includes Defendant Corporate Receivables, Inc.

Corporations can act only through individuals. Therefore, a corporation is liable for an act of an employee within the course of his or her work. Defendant Corporate Receivables, Inc., is liable for the statements of its employees made within the scope of their employment. At the same time, the employee who makes a statement or does an action may be held liable for his or her statements and actions along with the corporation.

<u>Plaintiffs' Requested Instruction: FDCPA Purposes</u>

When it passed the FDCPA, Congress recognized the universal agreement among scholars, law enforcement officials, and even debt collectors that "the number of persons who willfully refuse to pay just debts is miniscule [sic]. . . . [T]he vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce."

Congress recognized that deceptive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to the invasion of individual privacy. Congress expressly found that "means other than misrepresentation" are available for the effective collection of debts.

To accomplish its purposes, the FDCPA expressly prohibits debt collectors from engaging in numerous specific practices, and requires debt collectors to give certain notices to consumers.

――――――

15 U.S.C. 1692(a); S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), <u>reprinted in</u> 1977 U.S.C.C.A.N. 1695, 1697.

<u>Plaintiffs' Requested Instruction: FDCPA Allegations</u>

The FDCPA prohibits debt collectors from using unconscionable, deceptive, or unfair acts or practices to collect consumer debts. The parties have agreed that the Defendants are debt collectors that they attempted to collect on a consumer debt. The Plaintiffs allege that the Defendants violated the FDCPA in nine ways:

1) Defendants allegedly stated that they were attorneys, which they are not, which is allegedly unfair and deceptive;

2) Defendants allegedly called the Plaintiffs' telephone three times in a row only to hang up when the Plaintiffs answered and, on the last call, screamed into the phone "are we done yet?", which is allegedly unconscionable;

3) Defendants allegedly attempted to collect even though the Plaintiffs' account was caught up, which is allegedly unfair and deceptive;

4) Defendants allegedly misrepresented it was better to make payments to Defendants than to make payments directly to the creditor, e.g. that the Plaintiffs would save hundreds of dollars in interest;

5) Defendants allegedly misrepresented that they would mark the account as "refused to pay" if the Plaintiffs continued to send payments directly to the creditor;

6) Defendants' February 23, 2004, states, "YOUR SILENCE IS INTERPRETED AS A REFUSAL TO PAY", which allegedly misrepresents that the Plaintiffs were silent and allegedly is an unfair threat to miss-mark the account;

7) Defendants allegedly misrepresented that they could contact David French's employer;

8) Defendants allegedly misrepresented that an "employment verification" regarding David French had been done; and,

9) Defendants allegedly stated that the "employment verification" regarding David French was in preparation for garnishing the Plaintiffs' wages, which is allegedly unfair and deceptive.

———

15 U.S.C. s. 1692b(5) (third party disclosure);

15 U.S.C. s. 1692c(b) (third party communication);

15 U.S.C. s. 1692d;

15 U.S.C. s. 1692d(5) (multiple calls);

15 U.S.C. s. 1692e;

15 U.S.C. s. 1692e(2) (misrepresent status of debt);

15 U.S.C. s. 1692e(3) (posing as an attorney);

15 U.S.C. s. 1692e(4) (misrepresenting garnishment);

15 U.S.C. s. 1692e(7) (threatened disgrace of consumer);

15 U.S.C. s. 1692f;

15 U.S.C. s. 1692f(6) (threatened garnishment)

<u>Plaintiffs' Requested Instruction: Debt is Irrelevant</u>

When deciding whether the Defendants are liable under the FDCPA, there are two things you must keep in mind. First, the Plaintiffs are not responsible for the Defendants' illegal activities, if any, simply because the Plaintiffs owed a debt. In other words, you are not to decide liability or apportion damages between the Plaintiffs and the Defendants simply because the Plaintiffs owe a debt.

―――――

<u>Baker v. GC Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982); <u>Kolker v. Duke City Collection Agency</u>, 750 F. Supp. 468, 471 (D.N.M. 1990); <u>cf</u>. <u>Bonilla v. Yamaha Motors Corp.</u>, 955 F.2d 150, 155 (1st Cir. 1992) (citing <u>Tigges v. Cataldo</u>, 611 F.2d 936 (1st Cir. 1979)).

Plaintiffs' Requested Inst.: Least Sophisticated Consumer

Second, you are to apply the "least sophisticated consumer" standard. The FDCPA was not made to protect experts; the FDCPA was made to protect the general public, which includes the ignorant, the unthinking, and the gullible. The fact that a false or misleading statement may be obviously false or misleading to someone who is trained or experienced does not change the character of the deception or take away its power to deceive others who are less experienced. To determine whether the Defendants' collection activities and communications are false, misleading, or deceptive, you must view those activities and communications through the eyes of someone inexperienced in the ways of the financial world.

The "least sophisticated consumer" standard is an objective standard. What the Plaintiffs thought, did, or said about the Defendants' collection activities and communications has no bearing on whether a theoretical least sophisticated consumer would be mislead or deceived. The Plaintiffs' thoughts or feelings may not be used to determine whether the Defendants violated the law; however, the Plaintiffs' subjective thoughts or feelings may be used to determine their actual damages.

———

Smith v. Transworld Systems, Inc., 953 F.2d 1025 (6th Cir. 1992); Swanson v. Southern Oregon Credit Serv., 869 F.2d 1222, 1225-27 (9th Cir. 1988); Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985); Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991).

<u>Plaintiffs' Requested Instruction: FDCPA statutory Damages</u>

Regardless whether any actual damages are awarded, the FDCPA also provides that you may additionally award the Plaintiffs up to $1000 in statutory damages. In determining the amount of statutory damages to be awarded, whether zero or up to and including $1000, the Act provides that you shall consider, among other things, the frequency and persistence of non-compliance by the Defendants, the nature of the Defendants' non-compliance, and the extent to which the Defendants' non-compliance was intentional.

Keep in mind that, when determining whether the violations were intentional or persistent, you may consider whether the Defendants vigorously defended this action even after it had reason to believe one or more of its actions violated the law.

———

15 U.S.C. s. 1692k(b)(1); <u>In re Littles</u>, 75 B.R. 241, 242 (E.D. Pa. 1987); <u>Riveria v. MAB Collections, Inc.</u>, 682 F. Supp. 174, 175-76 (W.D.N.Y. 1988); <u>Crossley v. Lieberman</u>, 868 F.2d 566 (3d Cir. 1989) (award increased from $100 to $1,000 because vigorous defense indicated intent to continue course of conduct); <u>Cacace v. Lucas</u>, 775 F, Supp. 502, 507 (D. Conn. 1990).

<u>Plaintiffs' Requested Instruction: Chapter 93A</u>

You must also decide whether the Defendant's actions toward the Plaintiffs amounted to unfair or deceptive acts or practices under Chapter 93A. The parties have agreed that the Defendants engaged in trade or commerce in Massachusetts. The Plaintiffs allege that the Defendants violated Chapter 93A in eleven ways:

1) Defendants allegedly stated that they were attorneys, which they are not, which is allegedly unfair and deceptive;

2) Defendants allegedly called the Plaintiffs' telephone three times in a row only to hang up when the Plaintiffs answered and, on the last call, screamed into the phone "are we done yet?", which is allegedly unconscionable;

3) Defendants allegedly attempted to collect even though the Plaintiffs' account was caught up, which is allegedly unfair and deceptive;

4) Defendants allegedly misrepresented it was better to make payments to Defendants than to make payments directly to the creditor, e.g. that the Plaintiffs would save hundreds of dollars in interest;

5) Defendants allegedly misrepresented that they would mark the account as "refused to pay" if the Plaintiffs continued to send payments directly to the creditor;

6) Defendants' February 23, 2004, states, "YOUR SILENCE IS INTERPRETED AS A REFUSAL TO PAY", which allegedly misrepresents that the Plaintiffs were silent and allegedly is an unfair threat to miss-mark the account;

7) Defendants allegedly misrepresented that they could contact David French's employer;

8) Defendants allegedly misrepresented that an "employment verification" regarding David French had been done; and,

9) Defendants allegedly stated that the "employment verification" regarding David French was in preparation for garnishing the Plaintiffs' wages, which is allegedly unfair and deceptive;

10) Defendants allegedly called the Plaintiffs at their home in excess of two calls within seven days, which is allegedly unfair;

11) Defendants allegedly called the Plaintiffs at David French's work in excess of two calls within thirty days, which is allegedly unfair;

12) Defendants allegedly failed to provide the Plaintiffs a notice required by Massachusetts regulation, which is allegedly unfair and deceptive;

13) Defendants allegedly attempted to solicit post-dated checks, which is prohibited by Massachusetts regulation and allegedly constitutes an unfair or deceptive act or practice;

14) Defendants allegedly violated the FDCPA, a statute meant to protect consumers, which allegedly is a violation of Massachusetts regulation and allegedly constitutes an unfair or deceptive act or practice.

———

M.G.L. ch. 93A s. 2;

209 C.M.R. s. 18.14(1)(e) (required notice);

209 C.M.R. s. 18.14(2) (no third-party communication);

209 C.M.R. s. 18.15(4) (multiple calls);

209 C.M.R. s. 18.16(2) (misrepresenting status of debt);

209 C.M.R. s. 18.16(3) (posing as an attorney);

209 C.M.R. s. 18.16(4) (misrepresenting garnishment);

209 C.M.R. s. 18.16(7) (attempt to disgrace consumer);

209 C.M.R. s. 18.17(3) (post-dated checks prohibited);

209 C.M.R. s. 18.17(6) (threatening garnishment);

940 C.M.R. s. 3.16(4) (violation of FDCPA);

940 C.M.R. s. 7.04(1)(b)(1) (threatening garnishment);

940 C.M.R. s. 7.04(1)(f) (multiple calls);

940 C.M.R. s. 7.04(1)(i) (required notice);

940 C.M.R. s. 7.07(2) (misrepresenting legal status);

940 C.M.R. s. 7.07(4) (posing as an attorney);

940 C.M.R. s. 7.09 (soliciting post-dated checks).

<u>Plaintiffs' Requested Instruction: 93A Unfair and Deceptive</u>

The phrase "unfair or deceptive" is broad and flexible, and it is intentionally so. You, the jury, are the collective conscience of the community. Use your common sense. Consider whether the Defendant took unfair advantage of the Plaintiff and whether the Plaintiff was defenseless. Consider the Defendant's conduct in light of all the circumstances.

A "deceptive" act or practice is simply one that has the capacity to deceive. An act or practice is deceptive if it could reasonably cause a person to act differently from the way [he/she] would act if [he/she] knew the truth about the matter. It includes any communication made with the intent to deceive another person. However, intent to deceive is not always necessary. A negligent or careless misrepresentation of fact, the truth of which was reasonably capable of ascertainment, may also be a deceptive act or practice.

There is no binding definition of what constitutes an unfair practice under G.L. c. 93A. The existence of unfair acts and practices must be determined from the circumstances of each case.

To help you determine whether an act or practice is "unfair", ask yourself these three questions:

First, does it fall within some established concept of unfairness? For something to be unfair, it does not need to

violate some other law or government regulation; however, whether or not it does is something you may consider. Not every illegal act is unfair.

Second, ask yourself whether the Defendant's act or practice was immoral, unethical, oppressive, unscrupulous, or otherwise unconscionable. Remember that you must decide this question in the context of the commercial marketplace where, on the one hand, people do not expect to be cheated, but on the other hand, they should expect to deal with each other prudently and at arm's length.

Third, consider whether the Defendant's act or practice would cause substantial injury to the public or to consumers in general.

In determining whether an act or practice is unfair or deceptive, keep in mind that a negligent act by itself does not constitute proof of an unfair or deceptive act or practice. Nor does a breach of contract, standing alone, constitute proof of an unfair or deceptive act or practice. Instead, the plaintiff must prove, by a preponderance of the evidence, that the negligence or breach was motivated by a "pernicious purpose", was unfair, or could reasonably cause a person to act differently from the way [he/she] would act if [he/she] knew the truth about the matter.

If the defendant committed an unfair or deceptive act or practice, you must then determine whether the Plaintiffs have proved, by a preponderance of the evidence, that the act or

practice caused an injury to the Plaintiffs. By that I mean that
the Plaintiffs must show that it is more likely than not that the
Defendants' unfair or deceptive act or practice was a substantial
factor in bringing about an injury. If it was not, then the
Plaintiffs may not recover.

   If the Defendants committed an unfair or deceptive act or
practice, you must then determine whether the Plaintiffs were
"injured" by the Defendants' actions.... The plaintiffs can deemed
to have been "injured" if the Plaintiffs suffered an invasion of
any legally protected  interest as a result of the Defendants'
conduct. In deciding whether the Plaintiffs were "injured", you
may consider whether the Plaintiffs sustained any loss of money or
property or emotional upset as a result of the Defendant's
actions.

   If the Defendants committed an unfair or deceptive act or
practice, you must then determine whether the Plaintiffs were
injured by the Defendants' actions and, if so, determine what
amount of money would fully compensate the Plaintiffs for that
injury. In deciding whether the Plaintiffs were injured and, if
so, what fair compensation for that injury would be, you may
consider whether the Plaintiffs sustained a loss of money or
property as a result of the Defendants' actions. In addition, you
may compensate the Plaintiffs for what the courts have called "the
invasion of any legally protected interest." What that means is

that the Plaintiffs also are entitled to be compensated for injury, such as emotional upset the Plaintiffs sustained, in addition to the loss of use of money or property. Once you have considered all of these factors, you should determine what amount of money will fully and fairly compensate the Plaintiffs for the injury the Plaintiffs sustained as a result of the Defendants' actions.

The Attorney General of the Commonwealth and the Massachusetts Division of Banks have issued some rules that have the force of law:

> "[I]f the debt collector fails to send the consumer the following notice in writing within 30 days after the first communication to a consumer at his place of employment regarding any debt, provided that a copy of the notice shall be sent every six months thereafter so long as collection activity by the collection agency on the debt continues and the consumer has not made a written request as described in 209 CMR 18.14(1)(c):
>
> "NOTICE OF IMPORTANT RIGHTS
>
> "YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR."

209 C.M.R. s. 18.14(1)(3); see also 940 C.M.R. s. 7.04(1)(i).

"Except as provided in 209 CMR 18.13, without the prior

consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

209 C.M.R. s. 18.14(2)

"Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

209 C.M.R. s. 18.15(4); see also 940 C.M.R. s. 7.04(1)(f).

"The false representation of:
   "(a) the character, amount, or legal status of any debt;"

209 C.M.R. 18.16(2); see also 940 C.M.R. s. 7.07(2).

"The false representation or implication that any individual is an attorney or that any communication is from an attorney."

209 C.M.R. s. 18.16(3); see also 940 C.M.R. s. 7.07(4).

"The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action."

209 C.M.R. s. 18.16(4); see also 209 C.M.R. s. 18.17(6); 940

C.M.R. s. 7.04(1)(b)(1).

> "The false representation or implication that the consumer
> committed any crime or other conduct in order to disgrace the
> consumer."

209 C.M.R. s. 18.16(7).

> "The request or demand from a consumer of a postdated check,
> draft, order for withdrawal or other similar instrument in
> payment for the debt or any portion thereof...."

209 C.M.R. s. 18.17(3); <u>see also</u> 940 C.M.R. s. 7.09.

> "Without limiting the scope of any other rule, regulation
> or statute, an act or practice is a violation of M.G.L.
> c.93A, § 2 if:
> "(4) It violates the Federal Trade Commission Act, the
> Federal Consumer Credit Protection Act or other Federal
> consumer protection statutes within the purview of M.G.L. c.
> 93A, § 2."

940 C.M.R. s. 3.16(4).

If you are persuaded that the defendant violated one or more of
these regulations, then that violation, in and of itself, amounts
to an unfair or deceptive act or practice.

If the Defendants' actions were unfair or deceptive, then you
must go on to decide whether the Defendants willfully or knowingly
committed that unfair or deceptive act or practice. The Plaintiffs
have the burden of proving, by a preponderance of the evidence,
that the Defendants had a subjectively culpable state of mind.

"Willful" or "knowing" requires something more than  mere
negligence.

   An unfair or deceptive statement is willful if the speaker
represents a fact to be true without knowing whether it is true or
not and with reckless disregard for whether it is true or not. An
unfair or deceptive statement is knowing if the speaker represents
a fact to be true while knowing that it is not true.

   If the plaintiff has suffered an injury but no quantifiable
damage, or if [his/her] actual damage amounts to less than $25,
then you shall award nominal damages in the amount of $25.

   If you have found that the defendant committed an unfair or
deceptive act or  practice willfully or knowingly, then the
Plaintiffs are entitled to an award of up to three times, but no
less than two times, the actual damage you have determined the
Plaintiffs to have sustained. You must, therefore, determine
whether the damage caused by the Defendants' unfair or deceptive
act or practice should be doubled or trebled.

   Multiple damages are designed to impose a penalty on the
Defendants. The purpose of multiple damages is to deter callous
and intentional violations of the law and to promote prelitigation
settlements by making it unprofitable for the Defendants to ignore
the Plaintiffs' request for relief. Multiple damages are not

awarded to compensate particular harmed individuals. In
determining whether the actual damages should be doubled or
trebled, take into consideration all the relevant circumstances,
including the character and degree of the wrong as shown by the
evidence, the necessity of preventing similar wrong, and each
Defendant's degree of culpability.

———

From: Weisman, Smeallie, and Young, II <u>Massachusetts Superior
Court Civil Practice Jury Instructions</u> Chapter 16 (MCLE 2001).

<u>Plaintiffs' Requested Instruction: Actual Damages</u>

You should not interpret the following instructions on the issue of damages as an indication of any view as to which party is entitled to your verdict in this case. You, the jurors, are the sole judges of whether, and in what amount, damages should be awarded to the Plaintiffs. Instructions as to the measure of damages are given only for your guidance.

If you should find that the Plaintiffs are entitled to a verdict on their claims, you must then consider the question of damages. You must determine the liability issues first. You should proceed to damages only if you have determined that the Defendants' liability has been proven by a preponderance of the evidence.

When considering what the Plaintiffs must show in order to be awarded full, fair, and reasonable damages, recovery will not be barred because there may be a level of uncertainty in the Plaintiffs' proof of certain aspects of the damages. However, you are not permitted to award speculative damages; that is, any award of damages must be based on the evidence and on a finding by you that the party seeking damages has convinced you by the greater weight of the evidence that the party has been injured as she claims to have been injured. This determination is left to your judgment and estimate as the triers of fact.

_____

Massachusetts Jury Inst. -- Civil  s. 19.1 (1999).

<u>Plaintiffs' Requested Instruction: Pre-existing Condition</u>

When determining the Plaintiffs' distress damages, if any, you should keep in mind the long standing legal doctrine that the Defendants must take the Plaintiffs as they are found. This doctrine means that, if at the time of the incidents the Plaintiffs were more susceptible to distress because of their circumstances, then that susceptibility works against the Defendants, even if the Defendants were unaware of those circumstances.

———

See <u>Freyermuth v. Lutfy</u>, 376 Mass. 612, 618-19 (1978); Restatement (Second) of Torts § 461 (1965).

Plaintiffs' Requested Instruction: Distress

In determining the Plaintiffs' damages for mental and emotional distress, you are to fairly compensate them for past, present and future pain and suffering associated with their emotional distress including compensation for mental anguish, humiliation, nervous shock, emotional disturbance, fright, terror, alarm and anxiety. You may include in your award any amount that you feel will fairly compensate the Plaintiffs for deterioration of their health, for medical psychiatric and counsel expenses, if any, and for impairment of their earning capacity resulting from the emotional distress.

———

Massachusetts Jury Inst. -- Civil  s. 19.13 (1999).

See also Haddad v. Gonzales, 410 Mass. 855, 866 (1991) (distress proximately caused by illegal actions is compensable).

Respectfully submitted,

/s/ Jason David Fregeau

Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiffs

<u>Certificate of Service</u>

I certify that a copy of the foregoing Plaintiffs' Requested Jury Instructions has been served by electronic means upon Defendants' attorney, Adam J. Basch, 33 State Street, Springfield, MA 01103, this 10th day of January, 2006.

/s/ Jason David Fregeau
_____
Jason David Fregeau, Esq.