```
         IN THE UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
                   WESTERN DIVISION

DAVID FRENCH,                        :      04-30094-MAP
TAMMY FRENCH,                        :
         Plaintiffs                  :
                                     :
         v.                          :
                                     :
CORPORATE RECEIVABLES, INC.,         :
ERIC TURNER,                         :
         Defendants                  :
_____

                 Plaintiffs' Trial Brief
_____
```

Plaintiffs Tammy and David French respectfully request that the Court enter equitable relief under Chapter 93A:9, i.e. a declaration that Defendants' specified acts and practices violate state and federal law and an order enjoining Defendants from their violative acts or practices.

The Court has the power under Chapter 93A to enjoin Defendants from continued illegal acts and practices, not only in regard to the Frenches, but also in regard to the general public. Any other conclusion would impermissibly curb the remedial purposes of Chapter 93A.

After extensive research, the only Massachusetts case that even tangentially touches on the issue is <u>Baldassari v. Public Fin. Trust</u>, 369 Mass. 33, 35, 46 (1975), in which the plaintiffs sought injunctive relief to stop defendant's illegal acts and practices. The plaintiffs, however, did not allege any actual damages, which was a prerequisite of Chapter 93A at that time. <u>Id</u>. The Supreme Judicial Court reluctantly held that the <u>Baldassari</u> plaintiffs could not obtain injunctive relief because they had not incurred the required monetary damages. <u>Id</u>. Following this logic, if the requirement for actual damages had been removed (as it has been), then injunctive relief would have been available to stop <u>all</u> of the defendant's illegal activities, not just those relating to the plaintiffs.*

The Court should enjoin Defendant from its illegal acts and practices, not only in regard to the Frenches, but also in regard to the general public.

---------------------

*The pertinent language from <u>Baldassari</u>:

"We recognize that our disposition of this case is not entirely satisfactory. The plaintiffs allege

clear, serious and continuing violations of G. L. c. 93, ß 49, and there must be some remedy. The Attorney General can sue for an injunction under G. L. c. 93A, ß 4. The plaintiffs could undoubtedly have maintained an action apart from c. 93A for damages, at least if they could show bodily harm. *George v. Jordan Marsh Co.*, 359 Mass. 244, 253 (1971). Perhaps they also could have obtained injunctive relief apart from c. 93A, but that is not what they now press on us. With respect to the claim under c. 93A which they do press, we are limited by the clear terms of the statute.

...

"According to the principal draftsman of G. L. c. 93A, ß 9, the 'sole purpose' of the requirement that the plaintiff suffer loss of money or property 'is to guard against vicarious suits by self-constituted private attorneys general when they spot an apparently deceiving advertisement in the newspaper, on television or in a store window.' Rice, *New Private Remedies for Consumers: The Amendment of Chapter 93A*, 54 Mass. L. Q. 307, 314 (1969). *Cf*. Norstrand, *Treble Damage Actions for Victims of Unfair and Deceptive Trade Practices: A New Approach*, 4 New England L. Rev. 171, 174 (1969). The plaintiffs here have alleged grievances which are not at all 'vicarious,' but we do not think they have alleged 'loss of money or property.' The statute requires such a loss in all cases, and does not dispense with it in cases where the grievance is not vicarious."

--------------------

Respectfully submitted,

/s/ Jason David Fregeau

Jason David Fregeau,
Trial Attorney (565657)

47 Lincoln Road
Longmeadow, MA 01106
413/567-2461
413/567-2932 fax

Attorney for Plaintiffs

Certificate of Service

I certify that a copy of the foregoing Plaintiffs' Trial Brief has been served by electronic means upon Defendants' attorney, Adam J. Basch, 33 State Street, Springfield, MA 01103, this 10th day of January, 2006.

/s/ Jason David Fregeau

_____
Jason David Fregeau, Esq.