```
          IN THE UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
                 WESTERN DIVISION

DAVID FRENCH,                          :    04-30094-MAP
TAMMY FRENCH,                          :
        Plaintiffs                     :
                                       :
        v.                             :
                                       :
CORPORATE RECEIVABLES, INC.,           :
ERIC TURNER,                           :
        Defendants                     :
```
_____

Plaintiffs' Application for Attorney Fees, Expenses, and Costs
_____

Pursuant to Federal Rule of Civil Procedure 54, FDCPA section 1692k, and Chapter 93A section 9, Plaintiffs David and Tammy French move for an award of reasonable attorney fees, expenses, and costs. A jury found for the Frenches on their FDCPA claims and the Court found not only for the Frenches on their Chapter 93A claims, but also that Defendants' violations were willful and knowing. The Frenches seek an award of $20,660 in reasonable attorney fees and $2059.33 in expenses and costs, for a total award of $22,719.33.

        Respectfully submitted,

        /s/ Jason David Fregeau

        Jason David Fregeau,
        Trial Attorney (565657)

        47 Lincoln Road
        Longmeadow, MA 01106
        413/567-2461
        413/567-2932 fax

        Attorney for Plaintiffs

**Memorandum in Support of Plaintiffs' Application for Attorney Fees, Expenses, and Costs**

I. Introduction

Congress views the FDCPA as primarily self-enforcing. <u>Graziano v. Harrison</u>, 950 F.2d 107, 113 (3d Cir. 1991); <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 780 (9th Cir. 1982); <u>Beattie v. D.M. Collections, Inc.</u>, 764 F. Supp. 925, 927 (D.Del. 1991) (quoting congressional record). Congress meant for consumers to act as private attorneys general, enforcing their rights and the rights of the public by bringing suits for violations, both large and small. <u>Beattie</u>, 764 F. Supp. at 927. The FDCPA also is meant to keep ethical collectors from being placed at a disadvantage by their unethical peers. FDCPA section 1692(e). The Act relies upon and encourages consumers, such as the Frenches, to act as private attorneys general to enforce public policy. FDCPA section 1692k(a); <u>cf</u>. <u>Hoitt v. Vitek</u>, 495 F.2d 219, 221 (1st Cir. 1974) (shifting attorney fees is an important support for private attorney general litigation). Indeed, Congress stated "that private enforcement actions would be the primary enforcement tool of the act." <u>Baker</u>, 677 F.2d at 780-81. An integral part of enforcement is the award of attorney fees, expenses, and costs. <u>Zagorski v. Midwest Billing Servs., Inc.</u>, 128 F.3d 1164, 1167 (7th Cir. 1997).

This Memorandum first will show that Defendants' Rule 68 offers of judgment are inapplicable. Next, this Memorandum will discuss the lodestar method for determining reasonable attorney fees. Third, this Memorandum will show that the rate charged by the Frenches' attorney is reasonable. Finally, this Memorandum will show that the time spent on this case is reasonable.

### II. Defendants' Offers of Judgment are Inapplicable

Defendants made an offer of judgment on December 2, 2004, for $2500 (attached) and an offer of judgment on February 25, 2005, for $3900 (attached). An offer of judgment, however, is applicable only if the offer is greater than the relief awarded to a plaintiff at trial. Fed. R. Civ. P. 68; <u>Fafel v. Dipaola</u>, 399 F.3d 403, 413-14 (1st Cir. 2005). If the offer is less than the relief awarded, then the offer of judgment has no affect.

When a fee shifting statute is involved, the Court must consider not only the damages awarded, but also the fees, expenses, and costs accumulated as of the date of the offer. "If the plaintiff's payment of her own attorneys' fees was part of the Rule 68 offer, it is surely equitable that attorneys fees be included as part of the recovery. That is

the only way the offer can be fairly matched against the recovery." Scheeler v. Crane Co., 21 F.3d 791, 793 (8th Cir. 1994). Marryshow v. Flynn, 986 F.2d 689, 692 (4th Cir. 1993); Grosvenor v. Brienen, 801 F.2d 944, 946 (7th Cir. 1986); see also Wright, Miller, and Marcus, Federal Practice and Procedure s. 3006.1 (West's 1997 & 2005 Supp.). If the fees and costs added to the award is greater than the offer, then the offer of judgment is inapplicable.

The Frenches' attached fee and cost reports show that, as of December 2, 2004, the Frenches' counsel had accumulated $1960 in fees (9.8 hours times $200/hour) and $199.81 in expenses and costs, totalling $2159.81. Added to the $2025 award, the Frenches were due $4184.81 on December 2, well above Defendants' $2500 offer.

Likewise, as of February 25, 2005, the Frenches' counsel had accumulated $2480 in fees (12.4 hours times $200/hour) and $199.81 in expenses and costs, totalling $2679.81. Added to the $2025 award, the Frenches were due $4704.81 on February 25, well above Defendants' $3900 offer.

Defendants were notified of the total of the Frenches' accumulated fees, expenses, and costs, when the Frenches made

a counteroffer to Defendants' December 2 offer of judgment. Letter to A.Basch (Dec. 7, 2004) (attached). Defendants, however, not only met this counteroffer with silence, but also ignored the Frenches' voluntary provision of their fees, which was calculated to invite a settlement dialogue. A defendant cannot have the privilege of rejecting demands and, at the same time, avoiding the consequences of those rejections. United States v. Ward Baking Co., 376 U.S. 327, 334 (1964).

### III. Standards for an Award of Reasonable Attorney Fees, Expenses, and Costs

The standards set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983), generally are applicable to all fee shifting statutes. Kreimes v. Department of Treasury, 764 F.2d 1186, 1191 n.13 (6th Cir. 1985); see also Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001). Thus, current federal court decisions concerning the determination of reasonable attorney fees are applicable to an award of fees under the FDCPA and Chapter 93A.

The Supreme Court in Hensley set forth what has become known as the "lodestar" method for calculating reasonable attorney fees. See 461 U.S. at 433-34. A lodestar is determined by multiplying reasonable hours times a reasonable rate. Blum v. Stenson, 465 U.S. 886, 888 (1984). The lodestar

then may be adjusted up or down by a court based on various factors. <u>Hensley</u>, 461 U.S. at 434

A court's award of attorney fees and costs will be reviewed only for abuse of discretion. <u>Boston and Maine Corp. v. Sheehan, Phinney, Bass & Green, P.A.</u>, 778 F.2d 890, 894 (1st Cir. 1985). The review of time and costs must be based upon the attorney's contemporaneous records. <u>Bordanaro v. McLeod</u>, 871 F.2d 1151, 1167-68 (1st Cir. 1989). The determination of the hourly rate should be based upon the party's counsel's affidavit, upon affidavits from counsel in the community, and upon a court's knowledge of the rates in the area. <u>Id</u>. (citing <u>Wojtkowski v. Cade</u>, 725 F.2d 127, 130-31 (1st Cir. 1984)).

Reasonable out of pocket expenses may be awarded. <u>Jones v. Federated Dept. Stores</u>, 527 F. Supp. 912, 921 (S.D. Ohio 1981). These expenses might include photocopying, filing fees, or travel time. <u>Northcross v. Board of Educ. of Memphis</u>, 611 F.2d 624, 639-40 (6th Cir. 1979), <u>cert. denied</u>, 447 U.S. 911 (1980).

Even if a party is not successful on all claims, the party should be compensated for the time spent on those claims if winning and losing claims are based upon related legal

theories or a common core of facts. Koster v. Trans World Airlines, Inc., 181 F.3d 24, 38 (1st Cir. 1999); Garrity v. Sununu, 752 F.2d 727, 734 (1st Cir. 1984).

When determining reasonable attorney fees, a court is obligated to give primary consideration to the relief awarded compared to the relief sought. City of Riverside v. Rivera, 477 U.S. 561, 585 (1986) (Powell, J., concurring); Tolentino v. Friedman, 833 F. Supp. 697 (N.D. Ill. 1993), modified, 46 F.3d 645 (7th Cir. 1995), cert. denied, 115 S. Ct. 2613 (1995). "Nominal relief does not necessarily a nominal victory make." Farrar v. Hobby, 113 S.Ct. 566, 578 (1992) (O'Connor, J., concurring). Accord Cartwright v. Stamper, 7 F.3d 106, 109 (7th Cir. 1993). A plaintiff may demand nominal relief no less than she may demand millions. Farrar, 113 S.Ct. at 578.

Success "is not measured only by the amount of recovery but also in terms of the significance of the legal issue on which the plaintiff prevailed and the public purpose the litigation served." Morales v. City of San Rafael, 96 F.3d 359, 365 (9th Cir. 1996). In Zagorski, an FDCPA case, the Seventh Circuit held that "success" could not be counted only in dollars. 128 F.3d at 1167. Overturning the trial court's findings that the defendant's violations were *de minimis* and that no fee should

be awarded, the Seventh Circuit quoted with approval <u>Hyde v. Small</u>: "'the cumulative effect of petty violations... may not be petty, and if this is right then the mere fact that the suit does not result in a large award of damages or the breaking of new... ground is not a good ground for refusing to award any attorneys' fees.'" 123 F.3d 583, 585 (7th Cir. 1997).

It is contrary to binding precedent to compare the amount obtained with the amount of attorney fees and costs requested. Once the reasonable hours and reasonable rate are determined, the proportion of the fees to the award is irrelevant. <u>Gay Officers Action League</u>, 247 F.3d at 296. Moreover, "special precautions to ensure access to the courts must be taken where Congress has provided for private enforcement of a statute." <u>Van de Kamp v. Tahoe Regional Planning Agency</u>, 766 F.2d 1319, 1325-26 (9th Cir. 1985); <u>cf</u>. <u>Johnson v. Eaton</u>, 958 F. Supp. 261, 264 (M.D. La. 1997) (over $13,000 in fees and costs awarded for $500 award in FDCPA statutory damages).

Once the lodestar is determined, a court has the discretion to increase the lodestar by a multiplier. <u>Boston and Maine Corp.</u>, 778 F.2d at 894. One factor for determining whether an increase is proper is any potential delay in payment of the

judgment. Id. Whether a multiplier is used or not turns on the facts of each case.

### IV. The Frenches' Attorney Charges a Reasonable Rate

The first element to be determined is the reasonable hourly rate. The Frenches' attorney charges $200 per hour, a reasonable rate for his experience and for an attorney who practices in the Pioneer Valley state courts as well as the Massachusetts federal court.

The courts look to the marketplace for legal services to determine the fair market value of an hour of an attorney's time. Bordanaro, 871 F.2d at 1167-68. A court can be guided by the hourly rate customarily charged by the attorney doing the work. Gay Officers Action League, 247 F.3d at 296. The attorney's customary rate can be set forth in an affidavit by counsel of record and can be bolstered by an affidavit from an attorney familiar with the rates charged in the legal community. Bordanaro, 871 F.2d at 1167-68.

Attorney Fregeau customarily charges $200 per hour. Fregeau Aff., par. 15 (attached). Based upon Attorney Fregeau's experience and upon the rates charged in the Pioneer valley legal community, Attorney Fregeau's rate of $200 per hour is reasonable. Id. Accord Weiner Aff., par. 5 (attached);

Berliner Aff., par. 6 (attached). Indeed, this rate is considerably lower than that charged by like-experienced attorneys in the Worcester and Boston areas.

Assuming *arguendo* that a fee of $200 is not facially reasonable (it is reasonable), the Court can take into consideration that Defendants -- who accused their own attorney of some sort of "conspiracy" and failed to show for trial -- likely will not willingly pay any judgment. See Boston and Maine Corp., 778 F.2d at 894 (potential delay in collection is a factor that can be considered). The Court should determine that the reasonable hourly rate for Attorney Fregeau is at least $200 per hour.

### V. The Time and Costs Expended by the Frenches' Attorney are Reasonable

The second element of reasonable attorney fees to be determined is the reasonable time expended. Attorney Fregeau expended 103.3 hours in obtaining the judgment against Defendants and preparing this fee application.

Judge Carl B. Rubin set forth a cogent standard for determining reasonable hours:

> "Reasonable hours are those that a competent

page 11

> attorney would spend diligently preparing his [or her] client's claims and both diligently and efficiently presenting those claims to the trial court and when necessary to the appellate courts."

Brinkman v. Gilligan, 557 F. Supp. 610, 611 (S.D. Ohio 1982), aff'd, 697 F.2d 163 (1983). The number of hours and the tasks performed during those hours are used to determine reasonableness and to calculate the number of hours properly expended. Bordanaro, 871 F.2d at 1167-68.

The time spent by Attorney Fregeau is reasonable given the work performed and the result obtained. Fregeau Aff., par. 12. The hours spent are not duplicative, padded, or frivolous. Id. The Court should award the Frenches their requested attorney fees, expenses, and costs in their entirety.

## VI. Lodestar Calculation

The total costs and expenses requested is $2059.33. Cost Report (attached). The total fees requested is $20,660, 103.3 hours times $200 per hour. Hours Report (attached). The Frenches seek a total award of $22,719.33.

>Respectfully submitted,
>
>/s/ Jason David Fregeau
>
>Jason David Fregeau,
>Trial Attorney (565657)
>
>47 Lincoln Road
>Longmeadow, MA 01106
>413/567-2461
>413/567-2932 fax
>
>Attorney for Plaintiffs

<u>Certificate of Service</u>

I certify that a copy of the foregoing Plaintiffs' Application for Attorney Fees, Expenses, and Costs and Memorandum in Support has been served by electronic means upon Defendants' attorney, Adam J. Basch, 33 State Street, Springfield, MA 01103, this 3d day of February, 2006.

>/s/ Jason David Fregeau
>_____
>Jason David Fregeau, Esq.