IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

DAVID FRENCH,                     :      04-30094-MAP

TAMMY FRENCH,                     :

             Plaintiffs       :

                              :

         v.              :

                              :

CORPORATE RECEIVABLES, INC.,      :

ERIC TURNER,                      :

             Defendants       :      Affidavit

_____


State of Massachusetts
County of Hampden, SS:


Jason David Fregeau, Esq., being first duly sworn upon oath, deposes and says:


1. I am making this affidavit based upon personal knowledge, and I am competent to testify in the matters stated below. I am the Trial Attorney for Plaintiffs in the above captioned matter. I have supervision and control of Plaintiffs' legal documents and correspondence regarding this lawsuit. This affidavit is made in support of Plaintiffs' application for fees, expenses, and costs in the above matter.


2. I graduated from Boston College Law School in May 1991. During law school, I was an editor of the Boston College Environmental Affairs Law Review and a contributing writer to the law school's weekly paper. My law review note was published and is available on Lexis. See Note, Statutes and Judicial Discretion: Against the

<u>Law... Sort of</u>, 18 B.C. Env. Aff. L.R. 501 (1991).

3. During law school, I took advantage of Boston College's extensive internship program. I clerked for Massachusetts Superior Court Judge Paul Chernoff, and I represented the Massachusetts Attorney General on several occasions.

4. I have been admitted to practice as an attorney in Ohio since November 1991. I was admitted to practice in Massachusetts in 1993.

5. From August 1991 through June 1993 I worked for Faruki, Gilliam & Ireland ("FG&I"), a business litigation firm in Dayton, Ohio. During my two years at FG&I, I became intimately familiar with state and federal court practice and procedure.

6. I am a member in good standing of the Massachusetts bar, the Federal District Court for Massachusetts Bar, the Ohio Bar, the Court of Appeals for the Sixth Circuit Bar, the Federal District Court for the Southern District of Ohio Bar, and the Federal District Court for the Northern District of Ohio Bar.

7. In July 1993, I chose to become a sole practitioner, focusing upon claims made pursuant to the federal Fair Debt Collection Practices Act ("FDCPA") and other consumer statutes. I estimate that 99% of my practice is related to these statutes.

8. In July 1999, my family and I moved from Ohio to Longmeadow, Massachusetts, my old home town. I have successfully transplanted the practice I began in Ohio.

9. To my knowledge, I am the only attorney who regularly practices consumer law in Western Massachusetts. I usually take my cases on

contingency, including costs, so that I can represent individuals -- like the Frenches -- who typically do not have access to an attorney. My clients pay me, at the most, $100 as an earnest of intent, and even this modest payment is often waived. My living depends upon fee awards directly and indirectly -- lawsuits often settle because of the possibility that the courts will award substantial fees, expenses, and costs.

10. Accompanying this affidavit is a printout of my contemporaneous time and cost records for the matter specified in paragraph 1 above. To the best of my knowledge and ability, these records are complete and accurately reflect the time and money spent on Plaintiffs' case to the date of the last entries.

11. These printouts reflect only time spent in activities customarily performed by attorneys. This time was kept by me contemporaneously with the tasks performed.

12. The time spent on this matter is reasonable. The time spent on this case was not duplicative, padded, or frivolous.

13. The printouts reflect costs and expenses as incurred during this litigation. No service, pass through, or other charges were added to these costs. For example, the amount charged for service of process is the exact amount charged by the vendor for its services.

14. Current fees are $20,660 and current expenses and costs are $2059.33, totaling $22,719.33. All time spent and all costs incurred, as reflected in the printouts, were necessary for Plaintiffs' ultimate success.

15. My rate is $200.00 per hour. To my knowledge and

understanding, this is the usual and customary rate for attorneys with my level of experience practicing in Springfield, Massachusetts.

16. Accompanying this affidavit are true and accurate copies of letters and other documents from the above captioned matter.

Further affiant sayeth naught.

Signed under the pains and penalties of perjury on this 1st day of February, 2006.

/s/ Jason David Fregeau

_____

Jason David Fregeau, Esq.