UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04-30094-MAP

DAVID FRENCH,
TAMMY FRENCH,

               Plaintiffs

vs.

CORPORATE RECEIVABLES, INC.,
and ERIC TURNER,

               Defendants

**DEFENDANTS' MEMORANDUM IN
OPPOSITION TO PLAINTIFFS'
APPLICATION FOR ATTORNEY'S
FEES, COSTS, AND EXPENSES**

## STATEMENT OF FACTS

On or about January 20, 2006, the Jury returned a verdict in favor of the Plaintiffs on their Unfair Debt Collection Practices Act claims.  The Jury awarded Mr. French $1,000.00 and Mrs. French $0.00.  The Court then found a violation of M.G.L. c. 93A and doubled Mr. French's award to $2,000.00 and Mrs. French's award to $25.00.

## ARGUMENT

In the case at hand, the combined underlying award to the Plaintiffs is $1,000.00. At a minimum, this is strong indication that the request for $22,719.33 in attorney's fees and costs is unreasonable.

In *Sorenson v. H. & R Block, Inc.*, the plaintiffs received a $630 judgment. *Sorenson v. H & R Block, Inc., 2005 WL 2323196, at *1 (D. Mass. Sept. 1, 2005).*  Two hundred dollars of this judgment was doubled from the plaintiffs' original award under their Mass. Gen. Laws ch. 93A claim.  *Id.*  Plaintiffs sought to recover  "some $180,000 in attorney's fees and costs."  *Id.*  Because the defendant did *not* make a settlement offer, the court did not deny recovery under Mass. Gen. Laws ch. 93A § 9(4), which

1

provides that "the court shall deny recovery of attorney's fees and costs which are incurred after the rejection of a reasonable written offer of settlement made within thirty days of the mailing or delivery of the written demand for relief required by this section." *Id.* (quoting Mass. Gen. Laws ch. 93A § 9(4)).  Instead, the court relied on the Court of Appeals for the First Circuit's characterization of how to determine attorney's fees under Massachusetts law:

> [T]here is no 'pat formula' for computing a fee award under Massachusetts law . . . the amount rewarded should be determined by what the 'services were objectively worth.'  . . . In making this calculation, the court may consider a variety of factors, including: the amount of time expended, the complexity of the legal and actual issues, the quality of the attorneys' services, the amount of damages and the results secured. . . . In the end, the court's calculation is 'largely discretionary.'

*Id.* (quoting Star Fin. Servs., Inc. v. AASTAR Mortgage Corp., 89 F.3d 5, 16 (1st Cir. 1996)).  The court gave great weight to the "results secured" factor in the above test because of the "inordinate size of the fees and costs requested relative to the modest judgment awarded to the plaintiffs." *Id.* at *7.  Addressing the above factors, the court found that the plaintiffs raised "complex legal issues" and their attorneys exerted "substantial efforts." *Id.* at *8.  However, the court refused to grant the approximately $180,000 that the plaintiffs requested, stating: "In the end, plaintiffs recovered $630.  It would be unreasonable, to say the least, to award their attorneys 286 times that amount.  They have cited no Chapter 93A attorney's fees case that comes anywhere near granting such a windfall." *Id.*

In *Norfolk Financial Corp. v. Goldstone*, the court said that "'the most critical factor' in determining the reasonableness of the award is 'the degree of success

obtained.'"  *Id.* at \*6 (quoting Zagorski v. Midwest Billing Servs., Inc., 128 F.3d 1164, 1166 (7th Cir. 1997).

In *Briggs v. Carol Cars, Inc.*, the plaintiff filed a claim under Mass. Gen. Laws ch. 231 § 85J and under Mass. Gen. Laws ch. 93A § 9 against the defendant for selling her a defective car.  *Briggs v. Carol Cars, Inc., 407 Mass. 391 (1990).*  Before trial, the defendant offered to repair the car's engine and extend the plaintiff's warranty.  *Id.* at 393.  The plaintiff refused this offer. *Id.*  At trial, the judge awarded the plaintiff $5,078.25 in damages for her ch. 231 § 85J claim and $1,700 in attorney's fees on her 93A § 9 claim.  *Id.* at 392.  The court stated: "Under c. 93A, § 9(3), if the judge finds that the defendant's settlement offer was 'reasonable in relation to the injury actually suffered' by the plaintiff-buyer, recovery is limited to 'the relief tendered (plus attorney's fees incurred prior to the date of the buyer's rejection of the tender [G.L. c. 93A, § 9(4)]) . . . . A determination of reasonableness is normally a question of fact." *Id.* at 397

Under Rule 68 of the Federal Rules of Civil Procedure, "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."  Fed. R. Civ. P. 68.

In the present matter, the Defendant made an Offer of Judgment to the Plaintiffs of $3,900.  The Plaintiffs' refused the offer, and were awarded actual damages of only $1,000.00 ($2,025.00 Judgment only after the Court doubled the Plaintiffs' actual damages) at trial, considerably less than the Defendant's Offer of Judgment.  First Circuit courts have consistently held that the rejection of a settlement offer in excess of the judgment award precludes the award of attorney's fees.  *See Norfolk Financial Corp.*, 2005 WL 2323193, at \*3 (stating that a plaintiff's rejection of a settlement offer

that would have put her in a better position than the judgment did would preclude receiving fees under Rule 68). Therefore, because the Plaintiffs refused the Defendant's Offer of Judgment, which was in excess of Plaintiffs' award at trial, the Defendant's are not liable for Plaintiffs' attorney's fees costs.

The Court of Appeals for the First Circuit characterized how to determine the amount of attorney's fees to be awarded under Massachusetts law. *Star Fin. Servs., Inc.*, 89 F.3d at 16. In Massachusetts, the calculation of fees is "largely discretionary" and the courts may consider "the amount of time expended, the complexity of the legal and actual issues, the quality of the attorneys' services, the amount of damages and the results secured." *Id.* The *Sorenson* court applied this formulation to a plaintiff who requested $180,000 in attorney's fees for litigating a case that resulted in a $630 judgment. *Sorenson*, 2005 WL 2323196 at *8. In cases where the attorney's fees are grossly disproportionate to the judgment, the court gives the most weight to the "results secured" part of the formulation. *Id.* at *7.

It is important to note that the Plaintiffs damage award was $1,000.00. The $2,025.00 award was arrived at by doubling the Plaintiff's actual damages. As such, when the Rule 68 Offer of Judgment was tendered on February 25, 2005, the Plaintiff "damages" were only $3,679.81. This is assuming that the attorney's fees and costs accrued to that date were reasonable. If they are, the $3,900.00 Offer of Judgment more then adequately compensated the Plaintiffs.

Mr. Fregeau was involved with a case very similar to the one at hand. *Lee v. Timothy, 1091F.3d 302 (1997 6th circuit).* In that case the Defendant made a Rule 68 Offer of Judgment in the amount of $2,000.00. This offer was rejected. Several months

later the Plaintiff made a Rule 68 Offer of Judgment in the amount of $1,200.00, plus whatever attorney's fees the Court determined the Plaintiff was entitled to.  This Offer was accepted and Mr. Fregeau filed an application for attorney's fees and costs in the amount of $8,279.79, which by the time oral argument was heard, had increased to $12,759.00.

The Judge held that Mr. Fregeau's expenditure of time after the $2,000.00 Offer of Judgment constituted economic waste.  The Judge awarded attorney's fees and cost in the amount of $1,106.85; the amount they were when the $2,000.00 Offer of Judgment was made.

The Court stated "Waste is not in the public interest.  The Congress that passed the Fair Debt Collections Practices Act in 1977 could hardly have wished to reward lawyers for doing nonproductive work and wasting their adversary's time and the time of the courts as well." *Lee v. Timothy, 1091F.3d 302 (1997 6th circuit).*

When then the $3,900 Offer of Judgment was made, it adequately compensated to French's, with respect to their damages, as well as to their attorney fees.  For Mr. Fregeau to incur approximately $20,000.00 in legal fees and expenses after the $3,900.00 Offer of Judgment was made was unreasonable.

## CONCLUSION

WHEREFORE, the Defendants respectfully request that the Plaintiffs' Application for Attorney's Fees, Expenses and costs be denied.

Respectfully submitted,
The Defendants,
Corporate Receivables, Inc. and
Eric Turner,
By their Attorney,


_____/s/ Adam J. Basch_____
ADAM J. BASCH, ESQ.
BACON & WILSON, P.C.
33 State Street
Springfield, MA 01103
Ph:  (413) 781-0560
Fax:  (413) 739-7740
BBO# 655482
February 16, 2006


## CERTIFICATE OF SERVICE

I, ADAM J. BASCH, hereby certify that on the 16th day of February, 2006, I caused a copy of the foregoing Defendants' Memorandum in Opposition to Plaintiffs' Application for Attorney's Fees, Costs and Expenses to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to:

Jason David Fregeau, Esq.
47 Lincoln Road
Longmeadow, MA 01106


_____/s/ Adam J. Basch_____
ADAM J. BASCH


433639

6