```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS


DAVID FRENCH, ET AL.,       )
          Plaintiffs        )
                            )
          v.                )  CIVIL ACTION NO. 04-30094-MAP
                            )
CORPORATE RECEIVABLES, INC.,)
ET AL.,                     )
          Defendants        )
```

### MEMORANDUM AND ORDER REGARDING PLAINTIFFS' APPLICATION FOR ATTORNEY'S FEES, EXPENSES AND COSTS
(Docket No. 34)

February 23, 2006

PONSOR, D.J.

Plaintiffs brought this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o and Mass. Gen. Laws ch. 93A. Early in the litigation, Defendants made a formal offer of judgment in the amount of $3,900.00.

Plaintiffs refused the offer and proceeded to trial. On January 20, 2006, the jury awarded Plaintiff David French $1,000 and Co-plaintiff Tammy French nothing. The court then found a violation of Mass. Gen. Laws ch. 93A, doubled David French's award to $2,000, and awarded Tammy French a nominal amount of $25.00.

Plaintiffs' counsel has now filed an application for an award of attorney's fees and costs in the amount of $22,719.33. Defendants take the position that Plaintiffs are entitled to no fees or costs, since the ultimate jury verdict awarded them

less damages than Defendants' offer of judgment. Plaintiffs' counsel counters that by adding the amount of the jury award to the amount of fees accrued by Plaintiffs at the time of the offer of judgment, the offer of judgment may be viewed as slightly less than this total.

It is not necessary to enter into this rather technical dispute. Plaintiffs' counsel's argument notwithstanding, the court is permitted to consider "the amount of damages and the result secured" in determining the proper award of attorney's fees. Star Fin. Servs., Inc. v. AASTAR Mortgage Corp., 89 F.3d 5, 16 (1st Cir. 1996). The extremely modest, almost de minimis, award of damages, plus the offer of judgment are factors which the court may rightly take into consideration in determining the reasonable fee in this case. Taking these factors into consideration, the court will reduce the "lodestar" amount (reasonable total hours times reasonable hourly rate) substantially and award Plaintiffs' counsel fees and costs in the amount of $2,500.00. In view of all the circumstances, this amount is reasonable.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
United States District Judge